UNITED STATES, Appellee,

v.

Matthew J. BARTELL, Lance Corporal,
U.S. Marine Corps, Appellant.

No. 65,073.
NMCM 89–2560.

U.S. Court of Military Appeals.

Argued Feb. 13, 1991.

Decided May 15, 1991.

For the Appellant: *Lieutenant Thomas
E. Miro, JAGC, USNR* (argued); *Major J.
B. Gilbert, USMC* and *Lieutenant Peter J.
Van Hartesveldt, JAGC, USNR.*

For the Appellee: *Lieutenant William
R. Sprance, JAGC, USNR* (argued); *Com-
mander Thomas W. Osborne, JAGC, USN*
(on brief).

*Opinion of the Court*

COX, Judge:

We are called upon to decide whether a
servicemember may be prosecuted for re-
fusing to obey a lawful *general* order
where the order has been signed by a sub-
ordinate staff member rather than by the

**296**

commanding general himself.[1] Art. 92(1), Uniform Code of Military Justice, 10 USC § 892(1); *see United States v. Breault*, 30 MJ 833 (NMCMR 1990). We hold that Article 92(1) requires only that the order be *issued* as a result of the personal decision of a general officer.[2] How the order is communicated to the subordinate members of the affected command is a matter of custom, practice, and procedure of the respective military service.

▌ In the instant case, appellant is charged with violating the lawful general order of the commanding general of the Marine Corps Air Ground Combat Center, Twentynine Palms, California. In particular, he is charged with consuming alcoholic beverages in the bachelor enlisted quarters (BEQ) in violation of paragraph 4017 of Combat Center Order P11103.1, dated August 31, 1983. Appellant pleaded guilty to the Charge and specification.

On appeal, he questions whether he can be lawfully charged under Article 92(1) because the order was not signed personally by the commanding general. Rather, the order was signed:

R.G. PONSFORD III

By Direction

▌ Admittedly, there are ambiguities on the face of the order. For example, the order does not tell the reader who R.G. Ponsford III is, either by rank, title, or position. Also, the term "By Direction" does not clearly explain whether Ponsford was directed to promulgate the regulation or to merely communicate the general's order. These ambiguities are not fatal, however, to a guilty plea, for by his plea of guilty, an accused admits that the order was lawful and that the person who signed the order was empowered to do so. *See United States v. Harrison*, 26 MJ 474 (CMA 1988).

RCM 910(j), Manual for Courts–Martial, United States, 1984, provides:

> *Waiver.* Except as provided in subsection (a)(2) of this rule [not applicable here], a plea of guilty which results in a finding of guilty waives any objection, whether or not previously raised, insofar as the objection relates to the factual issue of guilty of the offense(s) to which the plea was made.

In any event, as the Court of Military Review found in *Breault*, the practice of signing an order "By Direction" or by the "Chief of Staff" complies with Instructions of the Secretary of the Navy and is in accord with practices and procedures of the Marine Corps. Para. 17, SECNAVINST 5216.5C, 24 AUG 1983. (30 MJ at 836).

▌ The singular decisive fact in these cases is who issued the order. So long as "the *decisional* authority, which is discretionary in nature, remains with the com-

---

1. Pursuant to his pleas, appellant, Lance Corporal Matthew J. Bartell, was convicted by a special court-martial (judge alone) of consuming alcohol in violation of a lawful general order and wrongfully using methamphetamine, in violation of Articles 92 and 112a, Uniform Code of Military Justice, 10 USC §§ 892 and 912a, respectively. He was sentenced to 45 days' confinement, forfeiture of $250.00 pay per month for 2 months, reduction to pay grade E–1, and a bad-conduct discharge. The convening authority approved the sentence, and the Court of Military Review affirmed the findings and sentence in a short-form opinion.

 We granted review of the following issue:
 [WHETHER] THE NAVY–MARINE CORPS COURT OF MILITARY REVIEW ERR[ED] BY RULING THAT A LAWFUL GENERAL ORDER CAN BE SIGNED BY A CHIEF OF STAFF RATHER THAN BY THE COMMANDING GENERAL[.]

2. The elements of "Article 92—Failure to obey order or regulation" are as follows:

 b. *Elements*
 (1) *Violation of or failure to obey a lawful general order or regulation.*
 (a) That there was in effect a certain lawful general order or regulation;
 (b) That the accused had a duty to obey it; and
 (c) That the accused violated or failed to obey the order or regulation.
 Para. 16b(1), Part IV, Manual for Courts–Martial, United States, 1984. The Manual for Courts–Martial limits the authority to issue general orders to: "(i) an officer having general court-martial jurisdiction; (ii) a general or flag officer in command; or (iii) a commander superior to [those in category] (i) or (ii)." Para. 16c(1)(a).

mander, ... the *signature* authority, which is delegated, is wholly ministerial in nature." *United States v. Breault, supra* at 837. The dissenting judge in *Breault,* a prominent Marine lawyer and jurist, makes this important point: "[I]t is unclear to me whether the chief of staff was delegated authority to merely perform a ministerial function of signing or a 'legislative' function of issuing." *Id.* at 838. The simple reason that we reject her strict-construction model is that appellant pleaded guilty. Thus, from the record before us, viewing it in the light most favorable to the Government, we construe Combat Center Order P11103.1 as a lawful general order issued by the commanding general of the Marine Corps Air Ground Combat Center and subscribed at his direction by a person to whom the signature authority had been lawfully and regularly delegated.

The decision of the United States Navy–Marine Corps Court of Military Review is affirmed.

Chief Judge SULLIVAN and Senior Judge EVERETT concur.