**UNITED STATES**

v.

**James C. BELL, 420 92 2335 Staff Sergeant (E–6), U.S. Marine Corps.**

**NMCM 89 01067.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 17 Nov. 1988.

Decided 10 Nov. 1993.

LT David P. Sheldon, JAGC, USNR, Appellate Defense Counsel.

LT David K. Herlihy, JAGC, USNR, Appellate Government Counsel.

Before JONES and REED, Senior Judges and LAWRENCE, J.

JONES, Senior Judge:

Appellant was tried by general court-martial, military judge sitting alone, on 17 November 1988. Pursuant to his pleas, he was convicted of two specifications of indecent acts upon a child under 16 years of age, in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C.A. § 934. He was sentenced to three years' confinement, reduction to pay grade E–1, and a dishonorable discharge. The convening authority approved the sentence and, except for the dishonorable discharge, ordered it executed, but suspended execution of confinement in excess of 10 months in accordance with the pretrial agreement.

On review by this Court, a majority of the panel approved the conviction but affirmed only so much of the sentence as provides for a bad-conduct discharge, the confinement (as suspended in part by the convening authority), and the reduction to pay grade E–1. *United States v. Bell*, 28 M.J. 1062 (N.M.C.M.R.1989). The Court of Military Appeals granted review on three issues specified by that Court.[1] *United States v. Bell*, 29 M.J. 442 (C.M.A.1989). The order granting review was subsequently modified by an order dated 21 May 1990, in which the Court of Military Appeals disposed of the first specified issue in favor of the Government, and remanded the case to this Court for further review.

Noting that this Court's original majority opinion of 26 June 1989 did not specifically address the concerns expressed in the dissent that "Marine Corps policy provides for members of the Corps, who are involved in sexual abuse and who confess such abuse prior to detection, to be rehabilitated within the service and returned to duty," the Court of Military Appeals set aside this Court's decision on 21 March 1990, 30 M.J. 168, and returned the record. We were to exercise our factfinding powers under Article 66, UCMJ, to re-examine the facts and circumstances of this case and determine the following questions posed by our senior court:

WHETHER APPELLANT'S CASE SHOULD HAVE BEEN TREATED UNDER THE TERMS OF MARINE CORPS ORDER 1752.3A AND THE POLICY STATEMENT OF THE COMMANDANT OF THE MARINE CORPS IN HIS WHITE LETTER NO. 2–88 OF FEBRUARY 26, 1988.

WHETHER APPELLANT MEETS THE CRITERIA FOR TREATMENT CONTEMPLATED BY THE COMMANDANT'S POLICY AND, IF SO, HOW THAT POLICY WOULD APPLY TO THE FACTS OF THIS CASE.

WHETHER, IN THE EVENT APPELLANT DOES NOT MEET THE CRITERIA FOR CONSIDERATION UNDER MARINE CORPS POLICY, THE RECORD OF TRIAL SHOULD BE REMANDED TO THE CONVENING AUTHORITY FOR FURTHER CONSIDERATION IN LIGHT OF THE FACT THAT "THE ... SENTENCE HE HAS APPROVED IS INAPPROPRIATE" AND WITH DIRECTIONS THAT NO SENTENCE BE APPROVED IF IT INCLUDES PUNISHMENT GREATER THAN A DISCHARGE SUSPENDED UNDER PROPER CONDITIONS. *See*

---

1. I. Whether the military judge erred to the substantial prejudice of the appellant when he admitted the testimony of appellant's commanding officer that appellant could not continue to serve as a noncommissioned officer. II. Whether the Navy–Marine Corps Court of Military Review erred when it concluded that appellant's separation from the service by reason of the sentence of a court-martial was correct in law and fact, when Marine Corps policy provided that Marines involved in sexual abuse who confessed such abuse prior to detection would be rehabilitated within the service and returned to duty. *See United States v. Dunks*, 1 M.J. 254 (C.M.A.1976). III. Whether the Navy–Marine Corps Court of Military Review erred as a matter of law when it affirmed an unsuspended bad-conduct discharge as a part of appellant's sentence. *See United States v. Clark*, 16 M.J. 239, 243 (C.M.A. 1983) (Everett, C.J., concurring).

*United States v. Clark,* 16 M.J. 239, 243 (C.M.A.1983) (Everett, C.J., concurring).

We, in turn, set aside the convening authority's action with the following directive:

The record of trial is returned ... to the convening authority who shall obtain a new staff judge advocate's recommendation, give an opportunity to defense counsel to respond to that recommendation pursuant to R.C.M. 1106(f), and then review the record of trial in light of Marine Corps Order 1752.3A and the Commandant's White Letter No. 2–88. In taking his *de novo* action pursuant to Article 60, UCMJ, the convening authority shall articulate the reasons the appellant does or does not fall under the terms of the Order and the White Letter. Additionally, if the convening authority determines that the appellant meets the criteria of the Order and the White Letter, and if he approves the punitive discharge adjudged, he shall articulate why under the terms of the Order and Letter appellant should not be retained and treated. If the convening authority considers facts, including the affidavits from those involved, not contained in the record of trial, he shall identify those facts and attach the source of the facts to the record of trial.

The convening authority has taken his action anew and the record is before us again pursuant to our Article 66, UCMJ, responsibilities.

## I.

■ At the outset, we restate what we held before as part of Senior Judge Albertson's unpublished majority opinion in earlier setting aside the convening authority's action:

[W]e conclude, first, that appellant raised no bar to prosecution at trial or on review. Second, the Marine Corps policy set forth in Marine Corps Order 1752.3A does not prohibit prosecution under the UCMJ of child sexual molestation or any other familial offense revealed through a described voluntary self-referral. Third,

the Commandant's White Letter No. 2–88 does not prohibit the prosecution under the UCMJ of child molestation or any other familial offense revealed through a described voluntary self-referral. Fourth, neither the policy nor the letter promise[s] no prosecution if voluntary self-referral occurs. We therefore need not address the bar to prosecution issue that was present in *United States v. Spence,* 29 M.J. 630 (A.C.M.R.1989) and the somewhat analogous case of *Cooke v. Orser,* 12 M.J. 335 (C.M.A.1982). Those conclusions, however, are only adverse to appellant because the record does not show that appellant was promised he would not be prosecuted; ... therefore whether his conduct should be treated as an administrative matter under the provisions of MCO 1752.3A and the Commandant's White Letter No. 2–88 or as a criminal offense for prosecution under the UCMJ is solely a matter within the discretion of the convening authority. *Cf. United States v. Woods,* 26 M.J. 372 (C.M.A.).[2]

We also specifically stated:

Unlike the appellant in *Spence* and the other analogous bar to prosecution cases, the issue in this case involves only the appropriateness of the sentence. We decide only that issue because the record does not contain facts sufficient to resolve any other issue and to raise the issue for the first time at this level is unacceptable, particularly in a case involving provident pleas of guilty. *See generally United States v. Bartell,* 32 M.J. 295 (C.M.A.1991); Rule for Court–Martial 910(j), MCM.[3]

## II.

Appellant avers in his first assignment of error,

THE CONVENING AUTHORITY ERRONEOUSLY CONCLUDED THAT APPELLANT DID NOT FALL WITHIN THE APPLICABLE MARINE CORPS ORDER.

---

**2.** *United States v. Bell,* No. 89–1067R, slip op. at 4 (N.M.C.M.R. 31 July 1991).

**3.** *Id.* n. 1.

■ With the benefit of hindsight, supplied by the exhibits to the criminal investigation and to the Article 32, UCMJ, pretrial investigation, we find that appellant did not "voluntarily self-refer" for treatment within the meaning of Marine Corps Order 1752.3A, as we previously had been led to believe by reference to the record of appellant's court-martial alone. Appellant's spouse's report of her daughters' sexual abuse by appellant to first, county Department of Human Resources officials; second, to criminal investigators of the Air Force Office of Special Investigations; and third, to special agents of the Naval Investigative Service on 18 April 1988 (Investigative Exhibit 7) effectively precluded his "voluntarily" referring himself for help within the meaning of the Order. Such a conclusion is certain where it is clear from his spouse's statements at the Mental Health Clinic on 18 April and to NIS on 18 May 1988 that she had previously informed appellant that she had made an official complaint. Appellant was aware that a criminal investigation was in progress at least a week before he appeared at the Family Services Center. (Exhibit 2 to Attachment 2 (NIS report) of 27 Sep 1991 SJA Recommendation).

■ We also agree with the government's secondary position that even if appellant's acts could be construed as constituting a "voluntary self-referral," he would not necessarily qualify for special consideration under the terms of the Marine Corps Order or the Commandant's White Letter. The determination that a Marine has "self-referred" is only the threshold step in determining the course of action to be pursued—treatment or disciplinary action, or a combination thereof. Paragraph (5)(c) provides, "[i]n cases where there is good rehabilitation potential and the Marine has a record of positive performance, the preferred course of action is counseling or mandated rehabilitation and appropriate disciplinary accountability."

Paragraph (4)(3) notes that commanders "should be guided in their determinations by the following factors:

(1) the Marine's demonstrated record of performance,

(2) potential for future service,

(3) motivation to change the behavior, and

(4) the evaluation by competent counselors or medical personnel that the Marine is a good candidate for successful treatment."

On the other hand, paragraph (4)(f) provides that "[c]ommanders shall apply disciplinary or administrative sanctions for acts of abuse, when considered appropriate. Disciplinary or administrative action is most appropriate when:

(1) offenders fail to acknowledge or assume responsibility for their behavior,

(2) behavior of offenders is compulsive, repeated, and represents a specific danger,

(3) the victim has suffered serious injury, or

(4) there is sufficient evidence for conviction and testifying in court is in the best interest of the victim. Commanders should carefully consider the impact of any punishment on the victim and the entire family."

In his *de novo* action, the convening authority relied upon a number of these factors. There was at least some evidence that appellant had initially indicated to his wife that once his misconduct had been exposed, he no longer needed help. Appellant was not forthcoming initially as to the full nature and more aggravated extent of his actions, denying (during his meeting with a counselor at the Family Services Center) his digital penetration of his daughter's vagina. Additionally, and self-evident of "repeated" conduct, is the fact that appellant admitted to his sexual abuse of *both* of his older daughters.

■ Accordingly, we conclude, (1) that appellant did not voluntarily self-refer and thus the disposition of his case did not fall within the alternative avenues available under the Marine Corps Order, and (2) that even if it did, the convening authority was well within his reasoned discretion in taking the course of action he did. Based upon our review of the facts of this case, we believe it would be inappropriate to return this case to the convening authority for his suspension of the punitive discharge. *See United States v. Clark*, 16 M.J. 239, 243 (C.M.A.1983) (Ever-

ett, C.J. concurring). Thus, we answer the third of our senior court's questions in the negative.

The remaining assignments of error are without merit.[4] *United States v. Graf,* 35 M.J. 450 (C.M.A.1992); *United States v. Weiss,* 36 M.J. 224 (C.M.A.1992).

Finally, we note that the staff judge advocate recommended that the sentence, as modified by the initial decision of this Court, be executed, except for the bad-conduct discharge. Notwithstanding that advice, the convening authority's action purports to approve the dishonorable discharge adjudged. We believe that the determination of our senior court to set aside our initial opinion affirming a bad-conduct, instead of a dishonorable, discharge, should not erase the benefit appellant has gained on appeal.

Accordingly, the findings of guilty and only so much of the sentence, as approved on review below, as provides for three years' confinement, in part suspended, reduction to pay grade E–1, and a bad-conduct discharge are affirmed.

Senior Judge REED and Judge LAWRENCE concur.

---

4. II. THE COURT–MARTIAL DID NOT HAVE JURISDICTION BECAUSE THE MILITARY JUDGE WAS NOT APPOINTED TO A FIXED TERM OF OFFICE. (CITATION OMITTED.)

III. THIS COURT HAS NO JURISDICTION BECAUSE THIS COURT'S JUDGES WERE NOT APPOINTED TO A FIXED TERM OF OFFICE. (CITATION OMITTED.)

IV. APPELLANT'S COURT–MARTIAL LACKED JURISDICTION BECAUSE THE MILITARY JUDGE WAS DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION. (CITATION OMITTED.)

V. BECAUSE THIS COURT'S JUDGES WERE APPOINTED IN VIOLATION OF THE APPOINTMENTS CLAUSE, THIS COURT HAS NO POWER TO REVIEW APPELLANT'S CASE. (CITATION OMITTED.)