UNITED STATES

v.

Dorin C. TOWNSEND, Storekeeper
First Class, U.S. Coast Guard.

CGCM 0048.
Docket No. 981.

U.S. Coast Guard Court of Military Review.

23 Feb. 1994.

Military Judge: CAPT Douglas A. Smith, USCG.

Trial Counsel: LT William J. Shelton, USCGR.

Assistant Trial Counsel: LT Sharon Fijalka, USCG.

Detailed Defense Counsel: LT James A. Wilson, USCGR.

Assistant Defense Counsel: LT Rosanne Trabocchi, USCGR.

Appellate Defense Counsel: LCDR Allen Lotz, USGC.

Appellate Government Counsel: LT Garland M. Walker, USCGR.

Before Panel Two BAUM, FEARNOW, and O'HARA, Appellate Military Judges.

BAUM, Chief Judge:

The record in this case was reviewed earlier pursuant to Article 66, UCMJ, 10 U.S.C. § 866 and a decision was issued on 10 March 1992 which set aside a finding of guilty of rape, affirmed a conviction of violation of a lawful general regulation, and affirmed a sentence to a bad conduct discharge, confinement for one year, and reduction to E–1. *U.S. v. Townsend,* 34 MJ 882 (CGCMR 1992). A year and a half later, on 30 September 1993, the U.S. Court of Military Appeals remanded the record for consideration of a newly raised issue questioning the sufficiency of the evidence in light of the decision of this Court in *U.S. v. Webster,* 37 MJ 670 (CGCMR 1993) 39 M.J. 37.

The specific issue we were directed to consider was presented to the Court of Military Appeals by Appellant as follows:

WHETHER THE EVIDENCE IS LEGALLY SUFFICIENT TO AFFIRM THE SOLE REMAINING FINDING OF GUILTY OF VIOLATION OF A LAWFUL GENERAL REGULATION WHEN THE

COAST GUARD COURT OF MILITARY REVIEW HAS DETERMINED THAT THE REGULATION IN QUESTION IS NOT A LAWFUL GENERAL REGULATION.

## I

### Limited Applicability of U.S. v. Webster, supra

In responding to this remand, we note first that evidentiary issues are normally litigated and resolved at the trial level. In *U.S. v. Webster, supra*, the case relied on by Appellant to support his argument of evidence insufficiency, we made an exception to this general rule. Inadequacy of the evidence was not raised at trial, but we, nevertheless, set aside convictions for violating two general regulations on the basis of failure of proof, after Appellant challenged those directives for the first time during our Article 66, UCMJ review.

In allowing these challenges to be made, rather than applying waiver, as the Army Court of Military Review had done in a similar case, *U.S. v. Thompson*, 31 MJ 781 (ACMR 1990), we invoked "our uniquely broad and independent review responsibilities", *Webster* at 37 MJ 677, in order to find factual insufficiency on a matter not litigated below. In so doing, we imposed a burden on the Government to present proof at the appellate level of the precise details behind judicially noted directives that were regular on their face. It was never intended that the exception made in this case would become a general rule of practice.

Arguably, knowledgeable witnesses and pertinent documents accessible to prove these matters when the case was tried, may have become unavailable by the time of appellate review. In retrospect, we recognize that our action in *Webster* may have placed an unrealistic requirement of proof on appeal that rightfully should have been established and met during the trial itself, if the presumption of regularity, suggested in *U.S. v. Breault*, 30 MJ 833 (NMCMR 1990), was not going to be relied upon.

In any event, we took the exceptional step of setting aside the findings of guilty on the basis of an absence of any evidence in the record of the Commandant's personal involvement in issuing the regulations in question. When nothing was submitted by the Government to this effect, after the issue was raised with this Court, we reversed the conviction rather than presuming regularity. Appellant now asks us to take the same action in the instant case.

## II

### Distinguishing Features of the Present Case

There are differences here, that prompt rejection of such a course. For one thing, factual sufficiency has already been found by this Court during our earlier review. For another, we deem the actions by appellant's counsel in earlier argument before the Court to have constituted affirmative waiver of the issue. Under the circumstances, we do not consider it fitting to allow factual sufficiency for the one remaining offense to be raised at this point.

### A

### Affirmative Waiver

█ When the case was here before, Appellant's civilian counsel, an attorney with extensive prior experience as a military appellate advocate, conceded the violation of the regulation in oral argument, while vigorously and persuasively challenging the rape conviction. In so doing, he went a step beyond the simple failure to object, which occurred at trial when the judge took judicial notice of the regulation.

After hearing the argument by counsel, we set aside the most serious conviction of rape, as urged, and affirmed the lesser charge that had been conceded. Counsel's concession of the lesser offense, while forcefully challenging the most serious conviction, is seen by us as a conscious tactical decision that ultimately succeeded. In our view, that tactic constituted quintessential affirmative waiver [1].

1.  Appellant argues in his brief before this Court

that the issue that has been asserted on remand

## B

### Factual Finality

█ When we found Appellant's conviction correct in law and fact, this Court expressly stated that: "the evidence in this case fully supports the finding of guilty to a violation of Article 92 for failure to obey a regulation by wrongfully engaging in an improper relationship by having sexual intercourse with a subordinate." *U.S. v. Townsend, supra,* 34 MJ at 887. If we were to take the steps urged by Appellant, we would have to ignore this factual finding and force the Government, through no fault of its own, to prove its case again, just as if we had ordered a new trial. For that reason, we believe the requirements for a new trial should pertain to the situation we have here.

In this regard, Article 73, UCMJ, 10 U.S.C. § 873 authorizes petitions for new trial, within two years after approval by the convening authority of a sentence, on grounds of newly discovered evidence or fraud on the court. RCM 1210(f) further elaborates on the grounds for new trial by requiring that the new evidence be discovered after trial and not be such that it would have been discovered by the petitioner at the time of trial in the exercise of due diligence. Moreover, the newly discovered evidence must be the kind that would probably produce a substantially more favorable result for the accused if considered by a court-martial in the light of all other pertinent evidence. In the same vein, no fraud on the court warrants a new trial unless it had a substan-tial contributing effect on a finding of guilty or the sentence. There is no intimation that any of these requirements have been met in this case.

The only justification offered by Appellant for placing a burden on the Government to prove its case anew is Appellant's contention that we have found the directive at issue not to be a lawful general regulation. As already indicated, however, we did not find in *Webster* that the regulation was defective based on evidence to that effect. Instead, we saw a lack of evidence in the record to positively establish regularity, something normally presumed when not challenged by the defense at trial. Our action in that regard is an entirely different matter from a determination that the regulation is in fact unlawful.

We have previously found the evidence sufficient and Appellant has offered no justification for a new evidentiary determination other than our holding in *U.S. v. Webster, supra.* Without some other basis warranting the reopening of the factual aspects of this case, akin to that required to justify a new trial, our previous factual finding should be deemed final, unless set aside for an error of law.

## III

### Conclusion

In remanding this case, the Court of Military Appeals has not found legal error nor has it set aside our earlier action[2]. In that

---

is important and "should not be deemed to have been somehow waived or forfeited by Appellant." ADC brief p. 5. In support of his argument, he cites this Court's decision in *U.S. v. Remchak,* DKT. No. 1009 (CGCMR 11 June 1993) as indicating that there is no way to uphold a conviction of disobeying this particular regulation.

In *U.S. v. Remchak,* the accused had pled guilty to a specification alleging violations of two versions of the regulation over a period of time. On our own initiative, this Court set aside that portion of the conviction that found the accused guilty of violating the version of the regulation that is before us today and was also present in *U.S. v. Webster,* supra.

Upon reflection, it is clear to us now that this issue was wrongly decided. We should have left untouched an unchallenged guilty finding that was based on a provident guilty plea. Our action setting aside a portion of the guilty finding was a windfall for the accused. The decision to this effect in an unpublished opinion is of no precedential value and does not inhibit us in our action on the instant case.

2. The order remanding the record reads as follows:

No. 68037/CG. U.S. v. Dorrin C. TOWNSEND. CMR 981. On consideration of the addition to appellant's supplement to the petition for grant of review, which questions the sufficiency of the evidence supporting the affirmed finding of appellant's guilt of violating a lawful general regulation and raises an issue which was not considered by the Court of Military Review, it is ordered that review of the additional issue presented by appellant is hereby granted; and that the record is hereby returned to the General Counsel of the Department of Transportation for remand

respect, the order of the Court of Military Appeals in this case contrasts with the order in *U.S. v. Jordan,* 38 MJ 346 (CMA 1993). In *Jordan,* the Court of Military Appeals set aside the decision of the Court of Military Review upon remand. Nevertheless, as Judge Wiss points out in his separate opinion fully addressing the important question of proper scope of review upon remand, a "vacation or set aside" of an earlier decision may not be unlimited. Depending on the context, the scope of review of the lower court may be restricted even when a decision has been set aside. Here, as indicated, the decision of this Court was not set aside. It is clear, then, that our review is limited to determining the effect, if any, of *U.S. v. Webster, supra,* on our previous decision and taking whatever action is deemed warranted by *Webster.*

In complying with the remand order, we have determined that *Webster* does not mandate a different result nor does it require another factual review of the evidence. No circumstances having been shown that would justify our weighing the evidence again, we deem our previous factual conclusion to be the law of the case. Something Judge Wiss said in *U.S. v. Jordan, supra,* at 38 MJ 354, can be paraphrased and adapted to this case: evidentiary issues cannot—and, in any event, they should not—be further considered; appellant already has had his full statutorily-envisioned appellate review of his court-martial. This Court's decision of 10 March 1992 is reaffirmed.

Judge O'HARA concurs.

FEARNOW, Judge (Concurring in result)

I concur in the result reached by the majority. However, my decision is based on appellant's failure to raise at trial the issue now before us.

At the time the Military Judge took judicial notice that Article 8–H of the Coast Guard Personnel Manual, Commandant Instruction M1000.6, was a lawful general order, the appellant was afforded "an opportunity to be heard as to the propriety of taking judicial notice." MRE 201(e). Having failed to challenge the lawfulness of the order immediately after the Military Judge announced his intention to take judicial notice, the appellant waived the right to challenge the validity of the regulation at a later stage in the proceeding. RCM 801(g).

There are some cases where the waiver rule has not been enforced under circumstances similar to those in the instant case. In *United States v. Hilton,* 27 M.J. 323 (C.M.A.1989), the Court allowed the accused to raise on appeal a *constitutional* challenge to a purported lawful general order that had not been raised at trial. Likewise in *United States v. Lumagui,* 31 M.J. 789 (A.F.C.M.R. 1990), the Air Force Court of Military Review allowed a challenge on *constitutional* grounds to the validity of a general order even though the accused had entered guilty pleas at trial. However, where as here, the belated challenge to the validity of a general order has been based on grounds other than constitutional infirmity, the waiver rule has been applied by the appellate courts, *see United States v. Thompson,* 31 M.J. 781 (A.C.M.R.1990) and *United States v. Hawkins,* 30 M.J. 682 (A.F.C.M.R.1990).

The application of the waiver rule in cases where judicial notice is taken at the trial level makes particular sense. By its very nature, the taking of judicial notice alleviates the need for the prosecution to introduce, and preserve for the record, evidence that would allow an appellate court to make an independent factual determination. Because the taking of judicial notice as to the existence of lawful general orders was not objected to at trial, there is no evidence in the record before us as to the authority of the officer issuing the order in question. At this late date, as indicated by the Chief Judge, there is no realistic way of obtaining such evidence. Thus, in this case, a timely objection would not only have preserved the issue for subsequent proceedings, but just as importantly, would have ensured an adequate record for later review.

---

to the United States Coast Guard Court of Military Review for consideration of the additional issue in light of *United States v. Webster,* 37 MJ 670 (CGCMR 1993). Upon conclusion of such

proceedings, Article 67, Uniform Code of Military Justice, 10 USC § 867, shall apply 39 MJ 37 (CMA 1993).

I am aware that in *United States v. Webster*, 37 M.J. 670 (C.G.C.M.R.1993), this Court declined to apply waiver even though the challenge to the regulation was not on constitutional grounds. To the extent that waiver was not enforced in *Webster*, I disagree with the decision. However, I do not believe that *Webster's* holding on the waiver question is controlling in this case. In *Webster*, the validity of the order was at least raised at the first appellate review. The accused here failed to object to the validity of the order, and the taking of judicial notice, not only at trial but also when first before this Court. This results in taking the question even further away from the time and forum at which it should have been litigated—at trial where a full and timely hearing on the challenge could have been provided.

In conclusion, I would not have allowed this issue to have been raised when the case was first before this Court and I do not believe a different result obtains because the question is now back before us at a later date on remand.