UNITED STATES

v.

**Wayne D. BALLARD Seaman Apprentice, U.S. Coast Guard.**

CGCM 0075.
Docket No. 1015.

U.S. Coast Guard Court of Military Review.

13 April 1994.

Trial Counsel: LT Charles D. Dahill, USCGR.

Assistant Trial Counsel: LT Brian Judge, USCG.

Detailed Defense Counsel: LT Gregory P. Noone, JAGC, USNR.

Appellate Defense Counsel: LCDR Allen Lotz, USCG.

Appellate Government Counsel: LT Garland M. Walker, USCGR.

Before Panel Two BAUM, FEARNOW, and O'HARA, Appellate Military Judges.

BAUM, Chief Judge:

Appellant was tried by a general court-martial consisting of officer and enlisted members. He pled not guilty to one specification of assault with intent to commit murder and one specification of solicitation to commit obstruction of justice in violation of Article 134, UCMJ, 10 U.S.C. § 934. The court acquitted him of both of the charged offenses, but convicted him of assault with a dangerous weapon in violation of Article 128, UCMJ, 10 U.S.C. § 928, as a lesser included offense of assault with intent to commit murder. Pursuant to Appellant's pleas of guilty, he was also convicted of violation of a lawful general regulation under Article 92, UCMJ, 10 U.S.C. § 892, by bringing a privately owned firearm aboard the Governors Island, New York, Coast Guard installation, without the prior permission of the Commanding Officer.

The court sentenced Appellant to a bad conduct discharge, confinement for twelve months, forfeiture of all pay and allowances, and reduction to pay grade E-1, which the convening authority approved as adjudged. Before this Court, Appellant has assigned five errors. Three of the assigned errors have been resolved against Appellant by the U.S. Supreme Court and the U.S. Court of Military Appeals, *Weiss v. U.S.*, —— U.S. ——, 114 S.Ct. 752, 127 L.Ed.2d 1 (1994) and *U.S. v. Carpenter*, 37 MJ 291 (CMA 1993).

The two remaining assignments will be addressed.

## I.

WHETHER THE MILITARY JUDGE ERRED BY IMPROPERLY ADMITTING EVIDENCE OF PRIOR MISDEMEANOR LARCENY CONVICTIONS TO IMPEACH THE CREDIBILITY OF APPELLANT.

■ Appellant contends that the trial counsel erroneously introduced, and the judge erroneously admitted, evidence of two previous misdemeanor convictions for larceny in North Carolina to impeach Appellant's credibility during trial on the merits. Appellant argues that this evidence failed to comply with the terms of Military Rules of Evidence (M.R.E.) 609 since the offenses were misdemeanors. The Government, in response, submits that, while the evidence on its face indicates that these convictions were misdemeanors, Sections 14–3(a) and 14–72 of the North Carolina General Statute, authorize imprisonment not exceeding two years for each of the offenses. For this reason, the Government says that the convictions meet the requirements of M.R.E. 609(a)(1) for admissibility.

The Government is correct on this point since M.R.E. 609(a)(1) states that the credibility of a witness may be impeached during cross-examination by evidence of a crime punishable by imprisonment in excess of one year under the law under which the witness was convicted. Before admitting such evidence, however, the military judge must determine that the probative value of the conviction is not outweighed by its prejudicial effect. The Government notes that this balancing test was performed by the judge prior to admission of the evidence and that the judge also instructed the members that this particular evidence could be used only with respect to Appellant's credibility.

■ For these reasons, we have concluded that the evidence of Appellant's prior larceny convictions was properly admitted and instructed upon by the Judge. Appellant's assignment of error I is rejected. In reaching this result, we have judicially noted the pertinent sections of the North Carolina General Statute.

## II.

WHETHER THE GENERAL REGULATION OF WHICH CHARGE II ALLEGES A VIOLATION BY APPELLANT WAS IMPROPERLY PROMULGATED AND IS NOT A PUNITIVE GENERAL ORDER.

In the one remaining assignment of error, Appellant, citing *U.S. v. Webster,* 37 MJ 670 (CGCMR 1993) and *U.S. v. Remchak,* DKT. No. 1009 (CGCMR 11 June 1993), contends that the regulation he was convicted of violating was improperly promulgated and is not a punitive general order. Specifically, he argues that the regulation in question, the Coast Guard Small Arms Manual, COMDTINST M8370.11 dated 20 March 1989, was signed by a flag officer while he was Chief of the Office of Law Enforcement and Defense Operations at Coast Guard Headquarters and that Coast Guard office chiefs are not authorized to promulgate punitive general regulations.

Appellant acknowledges that there would be no question of lawfulness of the regulation as a general order if the Commandant of the Coast Guard had personally directed the signing of the Manual by the officer in question. He argues, however, that, since the record is devoid of any evidence of the Commandant's personal involvement, the conviction was erroneous. No evidence on this matter appears in the record because Appellant pled guilty to the offense.

He asserts now that his guilty plea was improvident and, therefore, does not legitimate the improper conviction. To the contrary, the record of trial amply demonstrates the providence of Appellant's guilty plea. The following are pertinent excerpts from the judge's dialogue with Appellant that bear on this matter:

MJ: Ok, at this time I'm going to explain to you the elements of the offense to which you've entered a plea guilty. As I read these elements to you, I want you to follow along on your copy of the charge sheet. These elements are the facts which

1030

the prosecution would have to prove beyond a reasonable doubt if you were to plead not guilty. Now as I read each of these elements, ask yourself whether that element is absolutely true and whether you wish to admit that it is true, and then I want you to be ready to talk about each of these facts with me.

The first element of the offense of violating a general order or regulation would be as follows:

Number one, that there was in existence a certain lawful general order in the following terms, specifically Article 2–I–3, Commandant Instruction M8370.11 dated 20 March 1989. That's the first element, that that was in existence at the time that the offense was committed on the 25th of September 1992;

The second element is that you had a duty to obey that regulation on the 25th of September 1992;

and the third element is that on or about the 25th of September 1992 at Governors Island, New York, you violated or failed to obey this lawful general regulation by wrongfully bringing a privately owned firearm aboard Governors Island, New York, a U.S. Coast Guard installation, without the prior permission of the Commanding Officer.

So those are the three elements. Do you understand each of those three elements?

ACCUSED: Yes, Your Honor.

MJ: Do you have any questions about them all?

ACCUSED: No, Your Honor.

MJ: Now, a general order or regulation is an order or regulation generally applicable to an Armed Force which is properly published by the President, The Secretary of Transportation or a military department. General orders or regulations also include those orders or regulations which are generally applicable to the command of the officer issuing them throughout the command or a particular subdivision thereof and which are issued by an officer having general court-martial jurisdiction or a general [or] flag officer in command or a commander superior to one of these.

So, you do understand what a general order or regulation is then?

ACCUSED: Yes, Your Honor.

MJ: You want me to go over that again?

ACCUSED: No, Your Honor.

MJ: Ok then. Why don't you tell me, in your own words, what happened on the 25th of September, relating to this regulation. And you can start a couple of days before if want to or that day.

ACCUSED: On the day of the 25th of September 1992 I did willfully bring a firearm on Governors Island, in violation of the before noted Commandant's instruction. I wasn't aware of the instruction, but I'm still required to follow the instruction. My knowledge of the instruction, I'm responsible for it whether I've personally read it or not. I still fall under the jurisdiction of the instruction. So by bringing the firearm onto Governors Island without the prior consent of the Commanding Officer, I was in violation of that Commandant's Instruction.

. . . .

MJ: Now, you said you were not aware of the regulation, is that right.

ACCUSED: Yes, Your Honor.

MJ: But, you understand what a lawful general regulation is, right?

ACCUSED: Yes, Your Honor.

MJ: Ok, and what is it, in your words?

ACCUSED: Your Honor, it's a Commandant's Instruction or law put out previously, on the books. You're responsible for the following of these laws, good order. Whether you've been read them by an official or not you are still responsible for these.

MJ: Ok. And do you admit to me today that that regulation that you are alleged to have violated was in effect on the 25th of September 1992?

ACCUSED: Yes, Your Honor.

MJ: And do you admit that you had a duty to obey that regulation on that day?

ACCUSED: Yes, Your Honor.

MJ: I've been provided a copy of this by the trial counsel earlier. What I would

like to do is mark it as an appellate exhibit next in order if I could, which would be Appellate Exhibit VIII. It's three pages consisting of the letter of promulgation the first two pages and then page 2–22 which I believe is the applicable portion of that regulation as far this offense is concerned. Do you have a copy of that in front of you Seaman Apprentice Ballard?

ACCUSED: Yes, Your Honor.

MJ: Ok, If you could look on page 2–22 then. If I read paragraph I–3, which is what you are alleged to have violated, 2–I–3, it says "no privately owned small arms may be brought aboard or removed from Coast Guard installations, vessels or aircraft without prior permission of the commanding officer or aircraft commander or their designee, and special agents in the performance of their duties are an exception to this rule". Now, you were not a special agent in Coast Guard Investigations on the 25th of September were you?

ACCUSED: No, Your Honor.

MJ: So, as I read that, do you admit that you had a duty not to bring a small arm onto Governors Island without the express permission of the commanding officer of Governors Island, which would be the Commanding Officer of Support Center, Governors Island?

ACCUSED: Yes, Your Honor.

. . . .

MJ: And do you understand that by pleading guilty you agree that each of those three elements accurately describes what happened on the 25th September 1992?

ACCUSED: Yes, Your Honor.

MJ: And do they, in fact, accurately describe what happened on the 25th of September 1992?

ACCUSED: Yes, Your Honor.

MJ: And do you admit that you willfully and knowingly brought onboard Governors Island, New York, a Coast Guard installation, a loaded firearm specifically, the Davis 380 that you told me that you brought onboard?

ACCUSED: Yes, Your Honor.

MJ: Did you believe that you had any legal defense to the charge and specification that you pled guilty to? Have you discussed it with your counsel at all, or Mr. Noone, are you aware of any facts that we haven't already brought up that may constitute a legal defense to this charge and specification?

DC: No, sir, there are none.

MJ: Seaman Apprentice Ballard, even though you've pled guilty, and even though you feel that you are guilty, you still have a legal right to plead not guilty and place the burden on the prosecution to prove your guilt of this offense by legal and competent evidence beyond a reasonable doubt. Do you understand that?

ACCUSED: Yes, Your Honor.

MJ: And if you should choose to plead not guilty, then you'd be presumed by the law to be innocent and that presumption would follow you throughout the trial. The government could overcome this presumption of innocence only by presenting sufficient evidence to prove your guilt beyond a reasonable doubt. I think you understand that by this point, right?

ACCUSED: Yes, Your Honor.

MJ: Do you have any questions at all concerning your plea of guilty or concerning any of the proceedings that have taken place so far?

ACCUSED: No, Your Honor.

ROT 16–19, 22 and 23.

III

*CONCLUSION*

■ Appellant had full opportunity to challenge the regulation at trial and chose not to do so, thereby acknowledging its lawfulness. In so doing, Appellant relieved the Government of the burden of proving the Commandant's personal involvement in the promulgation of the directive by a subordinate officer. We will not reopen the trial at this point and require the Government to prove something that was admitted by Appellant's guilty plea. In this regard, *U.S. v. Webster*, supra, and *U.S. v. Remchak*, supra, are of no support to Appellant's position.

The accused in *U.S. v. Webster,* supra, did not plead guilty. As a not-guilty plea case, the burden was always on the Government to prove the accused's guilt beyond a reasonable doubt. Even so, as we pointed out recently, our decision in Webster, supra, imposing a burden on the Government to present proof at the appellate level of the precise details behind judicially noted directives was an exception to the general rule, with limited applicability. *U.S. v. Townsend,* 34 MJ 882 (CGCMR 1992), remanded, 39 MJ 37 (CMA 1993) and reaffirmed 39 MJ 784 (CGCMR 23 February 1994)

Moreover, our decision in the guilty plea case of *U.S. v. Remchak,* supra, setting aside a portion of a guilty finding on the basis of *U.S. v. Webster,* supra, was expressly renounced as wrongly decided in footnote 1 of the decision on remand in *U.S. v. Townsend,* supra.

For all of these reasons, Appellant's assignment of error II challenging the lawfulness of the Coast Guard's Small Arms Manual as a general regulation is rejected. The findings of guilty and sentence are correct in law and fact and should be approved. Accordingly, the findings and sentence approved below are affirmed.

Judges FEARNOW and O'HARA concur.