**UNITED STATES, Appellee**

v.

**Dorin C. TOWNSEND, Storekeeper First Class, U.S. Coast Guard, Appellant.**

No. 68,037.
CMR No. 981.

U.S. Court of Appeals for the Armed Forces.

Argued Dec. 15, 1994.

Decided Sept. 29, 1995.

For Appellant: *Lieutenant Commander Allen Lotz* (argued).

For Appellee: *Lieutenant Commander Charles J. Bennardini* (argued); Lieutenant Garland M. Walker.

*Opinion of the Court*

SULLIVAN, Chief Judge:

1. During May of 1991, appellant, a storekeeper first class in the Coast Guard, was tried by a general court-martial composed of a military judge alone at U.S. Coast Guard Maintenance and Logistics Command Atlantic, Governors Island, New York. Contrary to his pleas, he was found guilty of rape and violating a lawful general regulation prohibiting fraternization, in violation of Articles 120 and 92, Uniform Code of Military Justice, 10 USC §§ 920 and 892, respectively. He was sentenced to a dishonorable discharge, confinement for 2 years, and reduction to pay grade E–1. The convening authority approved the sentence on September 9, 1991. The Court of Military Review[1] set aside the findings of guilty of rape and dismissed that charge on March 10, 1992. That court also reassessed the sentence based on the remaining findings of guilty and reduced it to a bad-conduct discharge, confinement of 1 year, and reduction to E–1. 34 MJ 882, 887.

2. Appellant subsequently petitioned this Court for a grant of review, raising three issues. On August 28, 1992, this Court granted review of two of those issues. 36 MJ 221. On May 28, 1993, appellant moved for leave to file an addition to his supplement raising a new issue. This Court granted that

1. *See* 41 MJ 213, 229 n. * (1994).

motion on June 22, 1993, and on September 30, 1993, granted review of the additional issue raised by appellant. Further, this Court remanded appellant's case to the court below for consideration of that issue. 39 MJ 37. On February 23, 1994, that court again affirmed the findings of guilty and the sentence in this case.

3. On August 17, 1994, we granted review of this issue:

WHETHER THE EVIDENCE IS SUFFICIENT TO AFFIRM APPELLANT'S CONVICTION OF VIOLATING A LAWFUL GENERAL ORDER.

4. Before us, appellant stands guilty of the remaining offense under Article 92, as follows:

Specification: In that [appellant] on active duty, did, at U.S. Coast Guard Support Center New York, on or about 20 November 1990, violate a lawful general regulation, to wit: Article 8–H–5, U.S. Coast Guard Personnel Manual, Commandant Instruction M1000.6A, by wrongfully engaging in an improper senior/subordinate relationship by having sexual intercourse with a subordinate over whom he had supervisory authority and the capability to influence personnel actions regarding that subordinate.

The regulation alleged to have been violated in this case is the same one alleged to have been violated in *United States v. Webster,* 37 MJ 670 (CGCMR 1993). There it was also attacked for the first time on appeal (*id.* at 676) on the basis that it was not "a 'punitive' regulation nor, in any event, was [it] promulgated properly." 37 MJ at 675. On May 18, 1993, the Court of Military Review decided that this regulation was not sufficiently shown in that case to be properly promulgated by a qualified officer. *Id.* at 679. As noted above, appellant's case had already been affirmed by the Court of Military Review in March 1992, without specific reference to this issue.

5. As noted above, on May 28, 1993, appellant moved to add an additional issue for review based on the Court of Military Review's decision in *United States v. Webster, supra.* On September 30, 1993, this Court remanded appellant's case for further review by means of the following order:

On consideration of the addition to appellant's supplement to the petition for grant of review, which questions the sufficiency of the evidence supporting the affirmed finding of appellant's guilt of violating a lawful general regulation and raises an issue which was not considered by the Court of Military Review, it is by the Court this 30th day of September, 1993

ORDERED:

That review of the additional issue presented by appellant is hereby granted; and

That the record is hereby returned to the General Counsel of the Department of Transportation for remand to the United States Coast Guard Court of Military Review for consideration of the additional issue in light of *United States v. Webster,* 37 MJ 670 (CGCMR 1993). Upon conclusion of such proceedings, Article 67, Uniform Code of Military Justice, 10 USC § 867 [ (1989) ] shall apply.

6. On February 23, 1994, the Court of Military Review affirmed the same findings and sentence as it had earlier, holding appellant's case was distinguishable from *United States v. Webster, supra.* It relied on a putative "affirmative waiver" by civilian appellate counsel during the original oral argument of any issues concerning the regulatory offense and its own previously unrecognized concern for finality in factfinding. 39 MJ 784, 785.

----------

7. Article 92 states:

§ 892. Art. 92. **Failure to obey order or regulation**

Any person subject to this chapter who—

(1) violates or fails to obey any lawful general order or regulation;

(2) having knowledge of any other lawful order issued by a member of the armed forces, which it is his duty to obey, fails to obey the order; or

(3) is derelict in the performance of his duties; shall be punished as a court-martial may direct.

8. The President has explained the element of lawfulness of a general regulation or order as follows in paragraph 16c(1)(a), Part IV, Manual for Courts–Martial, United States, 1984:

c. *Explanation.*

(1) *Violation of or failure to obey a lawful general order or regulation.*

(a) *Authority to issue general orders and regulations.* General orders or regulations are those orders or regulations generally applicable to an armed force which are properly published by the President or the Secretary of Defense, of Transportation, or of a military department, and *those orders or regulations generally applicable to the command of the officer issuing them throughout the command or a particular subdivision thereof which are issued by:*

(i) *an officer having general court-martial jurisdiction;*

(ii) *a general or flag officer in command; or*

(iii) *a commander superior to (i) or (ii).*

(Emphasis added.)

9. The particular question before this Court is whether Article 8–H–5, U.S. Coast Guard Personnel Manual, Commandant Instruction M1000.6A as it existed on November 20, 1990, was part of a lawful general order or regulation. The basic regulation issued in 1988 was signed by T.T. Matteson, Chief, Office of Personnel. Commandant Notice 1000 (5 April 1989), which published Change 4 to this Personnel Manual to add section 8–H–5, was signed by G.F. Woolever, Acting Chief, Office of Personnel and Training. *See United States v. Webster,* 37 MJ at 676. Our particular concern is whether the promulgating authority for the violated regulation was a commander recognized in paragraph 16c(1)(a), Manual, *supra.* *United*

States v. Bartell, 32 MJ 295 (CMA 1991). Resolution of this question normally requires close scrutiny and understanding of service regulations. *E.g., United States v. Breault,* 30 MJ 833, 836 (NMCMR 1990).[2]

10. The Court of Military Review affirmed the findings of guilty and the sentence in appellant's case after a remand by this Court to reconcile it with *United States v. Webster,* 37 MJ 670 (CGCMR 1993). *See* 39 MJ 784. It declined to follow its earlier decision in *United States v. Webster, supra,* and reasoned that Article 8–H–5 of the Coast Guard Personnel Manual, Commandant Instruction M1000.6 (Change 4, dated 5 April 1989), could be presumed in appellant's case to be a lawful general regulation properly promulgated by a qualified officer. *See United States v. Ballard,* 39 MJ 1028 (CGCMR 1994). *Contra United States v. Remchak,* No. 1009 (CGCMR 11 June 1993) (unpublished), *rejected,* 39 MJ at 786 n. 1. In any event, that service court of military review on remand did not analyze appropriate regulations in the Coast Guard to determine the significance of the signature of the Acting Chief, Office of Personnel and Training, on Commandant Instruction M1000.6A. *See* ¶¶ 2–1–1 and 2–1–2, Coast Guard Regulations. (Appendix); *see generally United States v. Breault, supra.*

11. Despite the somewhat lengthy course of appellate proceedings in this case, we conclude that it is appropriate that the Court of Military Review answer the regulatory question left unanswered in its remand opinion. *See United States v. Jones,* 23 MJ 301–02 (CMA 1987). As indicated above, previous Coast Guard Court of Military Review decisions have sent mixed signals concerning this issue. Moreover, this regulatory question is important with respect to the expected conduct of Coast Guardsmen (*see United States v. Webster,* 37 MJ at 677)[3] and one which requires Coast Guard judicial expertise. *See*

---

**2.** Appendix C to appellant's Final Brief is a copy of Commandant Notice (COMDTNOTE) 1000 (5 April 1989) and publishes Change 4 to the Personnel Manual, COMDINST M1000.6A. Change 4 first promulgated Article 8–H–5, the section alleged to have been violated on November 20, 1990. On its face it states: "CANCELLED 5 Oct 1989." Clarification of this regulatory question would also be appropriate.

**3.** Paragraph 16e, Part IV, Manual for Courts–Martial, United States, 1984, provides that the maximum punishment for a violation of a lawful general order or regulation is a dishonorable discharge, total forfeitures, and confinement for 2 years. On the other hand, the maximum punishment for a violation of other lawful orders is a bad-conduct discharge, total forfeitures, and confinement for 6 months.

*United States v. Roach,* 29 MJ 33, 36 (CMA 1989); *United States v. Carlisle,* 25 MJ 426 (CMA 1988). Accordingly, we deem a further remand is necessary. *See United States v. Hilton,* 27 MJ 323, 326 (CMA 1989).[4]

The 1994 decision of the United States Coast Guard Court of Military Review is set aside. The record of trial is returned to the General Counsel of the Department of Transportation for remand to the United States Coast Guard Court of Criminal Appeals for further review in accord with our opinion. Thereafter, the record will be returned directly to this Court for further review.

4. We are aware that on July 31, 1995, this Court issued a show cause order in *United States v. Ryder,* 39 M.J. 454 (1995). Our remand of appellant's case to the appellate court below is subject to the results of our decision in *Ryder. See United States v. Schneider,* 36 MJ 364 (CMA 1993); *United States v. Rice,* 36 MJ 264 (CMA 1993).

# APPENDIX
## CHAPTER 2

## RULES, ORDERS, AND INSTRUCTIONS

### PART 1

### Rules, Orders, and Instructions Promulgated by Responsible Officers and Officials

**2–1–1  The Commandant**

The Commandant issues rules, orders, and instructions, consistent with law, that relate to the organization, internal administration, and personnel of the Coast Guard. (14 U.S.C. 632) These are of two principal types:

(1)  U.S. Coast Guard Regulations (COMDTINST M5000.3 series), that include the principal rules for the organization, internal administration, and personnel of the Coast Guard.  They also include, to standardize certain procedures, rules of lesser importance that are relatively permanent in nature;

(2)  Directives, including instructions and notices, that support and supplement the material in the U.S. Coast Guard Regulations Manual (COMDTINST M5000.3 series) and publications, but are not permanent. Instructions except joint instructions and manual instructions are automatically cancelled on 30 September or 31 March following the fourth anniversary of their issuance, whichever occurs first.

**2–1–2  Other Officers and Officials**

A.  Under the authority of the Commandant, responsible officers and officials of the Coast Guard may issue or have issued directives concerning internal administration and personnel over which they exercise command, control or supervision. (14 U.S.C. 632; 49 CFR 1.45)

B.  The system of directives that is established by area, district and MLC commanders shall be patterned after the general directives system prescribed by the Commandant in the Coast Guard Directives System Manual (COMDTINST M5215.6 series) with modifications that are necessary to adapt the system to the requirements of the area, district or MLC.

C.  Copies of every area, district and MLC directive within the system shall be forwarded to the Commandant as follows:

(1)  three copies of each unclassified directive to Commandant (G–TPS);

(2)  three copies of each directives index to Commandant (G–TPS); and

(3)  classified directives on a need to know basis to the office or special staff division component of the Commandant's staff having cognizance of the subject matter.

**COX, Judge (concurring):**

12. During oral argument I asked appellate government counsel a very simple question: Is the regulation in question a lawful general regulation as defined in Article 92, Uniform Code of Military Justice, 10 USC § 892. Counsel declined to answer that question.

13. Either the regulation is a lawful general regulation issued by one empowered to make such edicts, thus binding every member of his or her command to blind obedience regardless of knowledge of the regulation, or it is not such a regulation. Because the answer is either yes or no, and because an answer of yes clearly ends this contested case in favor of the Government, I must conclude that the answer is no. Thus, I would reverse. However, I have such abiding respect for the ability of the Coast Guard Court of Criminal Appeals to provide us with an answer to that question that I can join Chief Judge Sullivan's opinion.

14. Veritas non querit angulos. ("Truth seeks no corners.") Sir David Lyndesay, Supplycation Anent Syde Tails 1. 168 (c.1538), as quoted in The Macmillan Book of Proverbs, Maxims, and Famous Phrases 2389(7) (1965).

**WISS, Judge (concurring):**

15. I fully concur in the majority opinion and write separately only to offer comments on certain aspects of this issue addressed by the Court of Military Review in its opinion on remand. 39 MJ 784 (1994). I believe that it is important to state clearly my views regarding what this case is and is not about, before it goes back one more time to the now-Court of Criminal Appeals.

I

16. It is the prosecution's affirmative burden in a court-martial to present evidence from which factfinders reasonably may find each element of the offense beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). In this case, one of those elements is the existence of "a certain lawful general order or regulation." *See* para.

16b(1)(a), Part IV, Manual for Courts-Martial, United States, 1984 (1994 ed.).

17. In an effort to meet that burden in this case, trial counsel asked the military judge to take judicial notice of the particular regulation that the specification alleged appellant had violated: "Article 8–H–5, U.S. Coast Guard Personnel Manual, Commandant Instruction M1000.6A." In the absence of a defense objection, the military judge did so.

18. What was the effect of this? First, the existence of this regulation and its substantive content thus are established by legally sufficient evidence, with the possible caveat regarding the matter addressed in footnote 2 of the majority opinion. Second, presuming regularity in the absence of objection to a regulation that is regular on its face, the authority of T.T. Matteson, Chief, Office of Personnel, to issue this regulation is established by legally sufficient evidence. In sum, then, there is legally sufficient evidence of a lawful order and what that order says, against which appellant's conduct can be measured for compliance.

19. The question that remains unanswered, however, is whether this regulation is a "lawful *general* order or regulation," on the one hand, or an "*other* lawful order," on the other. (Emphasis added.) *Compare* Art. 92(1), Uniform Code of Military Justice, 10 USC § 892(1), *with* Art. 92(2), UCMJ, 10 USC § 892(2).

20. That same question was raised, regarding precisely this regulatory provision, in *United States v. Webster,* 37 MJ 670 (CGCMR 1993), a case out of this same Court of Military Review that was published *after* its decision in this case but *before* our remand. There, the court found that, while the Acting Chief of the Office of Personnel and Training (*id.* at 676) had the authority to issue the regulation, he was not an official whose regulations constitute "lawful general orders or regulations." Further, the face of the regulation was ambiguous regarding whether that official had issued the regulation on his own authority or, instead, "at the personal direction of the Commandant." 37

MJ at 679. In that light, appellant may have violated an "other lawful order," but the court concluded that there was a legal insufficiency of proof that he had violated a "lawful general order or regulation." *See United States v. Bartell*, 32 MJ 295 (CMA 1991); *United States v. Breault*, 30 MJ 833 (NMCMR 1990).

## II

21. Accordingly, as to the question in issue, several points should be made. First, notwithstanding the suggestion implied in the remand opinion, 39 MJ at 785, the question is not an "evidentiary issue[ that is] normally litigated and resolved at the trial level." By failing to object at trial, appellant did waive the appropriateness, in an evidentiary sense, of judicial notice of the existence and content of this regulation. *See* Mil. R.Evid. 201, Manual, *supra*. Thereby, he also waived any objection regarding whether T.T. Matteson had the authority to issue this regulation. None of this, however, has any bearing on the salient question now on appeal. *Unless* this regulation on its face indicates that T.T. Matteson issued it by direction of someone authorized to promulgate a "lawful general order or regulation," *see* para. 16c(1)(a), Part IV, there remains a critical void in the evidence, *viz.*, no evidence at all that appellant violated a "lawful general order or regulation."

22. Second, in this context, it also is clear that the issue now on appeal was not and could not have been "waived." Even with the regulation in evidence and even if it arguably is legally sufficient to support a conviction for violating an "other lawful order," if T.T. Matteson did not issue this regulation by direction of the Commandant, then the evidence is not legally sufficient to show existence of a "lawful general order or regulation." To suggest trial "waiver" of an issue of legal sufficiency of the evidence to prove an element of the charged offense is a *non sequitur*.

23. Third, I believe it also is inappropriate to talk about appellate "waiver" by appellate defense counsel's affirmatively declining the opportunity to raise this issue in the Court of Military Review when this case first passed through that court. I know of no precedent for doing so, and I am not willing to make this case the first.

24. Moreover, I am disturbed by the underlying tone in the remand opinion that the court believes it was sandbagged by the defense. Specifically, the court bemoaned the fact that, when challenging the rape conviction, appellate defense counsel indicated belief that the evidence was sufficient for the remaining charge; and now, with the court having set aside the rape conviction, it is being asked to examine the sufficiency of the evidence on the remaining charge, as well. Chief Judge Baum wrote for the majority:

> After hearing the argument by counsel, we set aside the most serious conviction of rape, as urged, and affirmed the lesser charge that had been conceded. Counsel's concession of the lesser offense, while forcefully challenging the most serious conviction, is seen by us as a conscious tactical decision that ultimately succeeded. In our view, that tactic constituted quintessential affirmative waiver.

39 MJ at 785.

25. The disconcerting aspect of this is the implication that counsel's position on the remaining charge did or properly should have had any impact on the court's willingness to evaluate the appellate challenge to the rape conviction. The court's statutory duty to be convinced of the legal and factual correctness of the rape conviction before affirming it, *see* Art. 66(c), UCMJ, 10 USC § 866(c), is entirely independent of its identical duty regarding the conviction for having violated a lawful general order or regulation. Appellate defense counsel's arguably possible disingenuousness is not a legally cognizable counterweight to this statutory responsibility.

26. Finally, the court's analogy of this attack on the legally sufficiency of the evidence to a petition for a new trial (39 MJ at 786) is fundamentally flawed. In the latter, the Government has fully met its trial responsibility of presenting some evidence from which factfinders reasonably can find each and every element of the offense charged; in the former, the claim is is to the

contrary. These issues are not even kissing cousins, much less Siamese twins.

## III

27. With these expressions, I join in the majority opinion and the remand, once again, to what is now the Court of Criminal Appeals. In my view, the court's responsibility on remand will be quite simply to consider whether, in light of its decision in *United States v. Webster, supra,* there is evidence that the regulation in question was issued by direction of the Commandant. If so, then it may affirm the challenged conviction (assuming that it finds that the regulatory paragraph in question existed at the time of appellant's alleged violation of it, *see* n. 2 of majority opinion); if not, then it may consider whether it can affirm a conviction of a lesser offense of violation of an "other lawful order," with a concomitant reassessment of the sentence.

CRAWFORD, Judge (dissenting):

28. The failure to invoke waiver prevents finality, taxes scarce resources, and encourages withholding of objections. *Brickner v. Voinovich,* 977 F.2d 235, 238 (6th Cir.1992); *cf. McCleskey v. Zant,* 499 U.S. 467, 491–92, 111 S.Ct. 1454, 1468–69, 113 L.Ed.2d 517 (1991). The waiver rule places responsibility on defense counsel to object. Such a rule encourages all trial participants to seek a fair and impartial trial the first time around.

29. In this case there have been three waivers.

(1) Pursuant to Mil.R.Evid. 201, Manual for Courts–Martial, United States, 1984, the military judge took judicial notice of the regulation without objection. Mil. R.Evid. 103 provides that failure to object waives any objection absent plain error. If defense counsel had objected, a number of scenarios could have unfolded. First, the Government would have had the opportunity to attempt to prove the regularity of the regulation in question at trial. Failing that proof, the Government could have proceeded with a lesser-included offense or withdrawn the charge and recharged appellant with fraternization under Article 134, Uniform Code of Military Justice, 10 USC § 934. In any event, the record would have reflected the resolution of the issue of the regularity of Article 8–H–5 as it stood on November 20, 1990.

(2) There was a second and affirmative waiver in this case at the appellate level by civilian counsel with extensive prior experience in military appellate practice. 39 MJ 784, 785 (CGCMR 1994).

(3) Last, the issue was waived when it was not presented to this Court when a petition was first brought. Absent a manifest injustice, this Court should not exercise its discretion to entertain this issue. *See, e.g., McCleskey v. Zant, supra.* ¶ 28.

30. The reasons enumerated by the Supreme Court in *McCleskey* for applying waiver absent a manifest injustice should certainly be considered by this Court and applied to appellant's case.

31. I am sympathetic with the concerns raised by Judge Cox. ¶ 12. When counsel are asked questions during oral argument, they should give their best answer; or if they do not know the answer, ask permission to file a supplemental brief.

In any event, for the reasons indicated I would affirm the decision below.

GIERKE, Judge (dissenting):

32. We should not remand this case again. The issue is the sufficiency of the evidence. If the evidence is legally insufficient, we should set aside the findings of guilty. A failure of proof cannot be cured by remand. If the evidence is legally sufficient, we should affirm.

33. In my view the evidence is legally sufficient. At trial, the military judge took judicial notice of the regulation, captioned as a "Commandant Instruction," without defense objection. Although the Government must prove that the regulation was a valid general regulation, there is a presumption of regularity which was not contested, much less rebutted. In the absence of evidence to the contrary, we are entitled to presume that the person who signed and issued the order had authority to do so and that the Comman-

dant, United States Coast Guard, had given the requisite approval for its issuance. *See United States v. Johnson,* 10 USCMA 630, 636, 28 CMR 196, 202 (1959); *United States v. Masusock,* 1 USCMA 32, 35, 1 CMR 32, 35 (1951); *United States v. Breault,* 30 MJ 833, 838 (NMCMR 1990). As noted by the court below, appellate defense counsel expressly declined to contest the validity of the regulation. 39 MJ 784, 785 (CGCMR 1994).

34. Finally, I disagree with the majority opinion's suggestion in footnote 2 that "[c]larification" of the factual issue raised by Appendix C to appellant's Final Brief "would be appropriate." At trial the prosecution had the burden of showing that "there was in effect a certain lawful general order or regulation." Para. 16(b)(1), Part IV, Manual for Courts–Martial, United States, 1984. That burden was satisfied by judicial notice without objection from the defense. In determining whether the evidence is legally sufficient, we are limited to the evidence of record. *United States v. Bethea,* 22 USCMA 223, 46 CMR 223 (1973). In my view we should not allow extra-record evidence on a question of fact to be smuggled into the record by attaching it to an appellate brief.

I would affirm the decision of the court below.