James T. MURPHY, Sergeant
U.S. Army, Petitioner,

v.

The JUDGES OF the UNITED STATES ARMY COURT OF MILITARY REVIEW sitting En Banc and the United States of America, Respondents.

Miscellaneous Docket No. 92–31.
CM 8702873.

U.S. Court of Military Appeals.

June 19, 1992.

For Petitioner: *Colonel Robert B. Kirby, Lieutenant Colonel Russell S. Estey, Captain Paul H. Turney, Captain Kurt J. Mayer, Captain Michael P. Moran, Captain Robin N. Swope, Captain Timothy P. Riley* (on pleadings).

For Respondents: No appearance.

PER CURIAM:

This is a capital case. On April 14, 1992, we remanded it by order to the Court of Military Review. —— MJ —— (Daily Journal). Today, it is before us again on petition for extraordinary relief in the nature of a writ of mandamus. A brief recitation of this case's history is necessary.

Petitioner was convicted of murder, larceny, bigamy, and false swearing, in violation of Articles 118, 121, and 134, Uniform Code of Military Justice, 10 USC §§ 918, 921, and 934, respectively. A general court-martial composed of officer members sentenced him to death, total forfeitures, and reduction to E–1. The convening authority approved the sentence. Before the Court of Military Review, petitioner raised numerous issues for review. On May 25, 1990, in an extensive opinion, that court affirmed the findings and sentence. 30 MJ 1040 (*en banc*). On June 14, 1990, the case was forwarded to this Court for mandatory review. Art. 67(a)(1), UCMJ, 10 USC § 867(a)(1) (1989). In his pleadings, petitioner raised several issues not previously raised before the Court of Military Review.

On April 18, 1991, we issued our first opinion in *United States v. Curtis*, 32 MJ 252 (CMA), *cert. denied,* — U.S. —, 112 S.Ct. 406, 116 L.Ed.2d 354 (1991).[1] On September 10, 1991, we issued our second opinion in *Curtis* 33 MJ 101. In the latter opinion, we remanded the case to the Court of Military Review for it to determine, *inter alia,*

> whether the sentence ... is appropriate for the crimes of which the accused stands convicted and whether the sentence is *generally* proportional to those imposed by other jurisdictions in similar situations.

33 MJ at 109 (citations omitted).

On April 10, 1992, we conducted a "status call" in the instant case. On April 14, 1992, we issued this order:

> On consideration of the mandatory appeal in the above-entitled case in light of *United States v. Curtis*, 32 MJ 252, and 33 MJ 101 (CMA 1991), we conclude that the Court of Military Review should re-examine the sentence imposed in this case. In addition, since this case had been previously considered by the Court of Military Review en banc, we conclude that any further proceeding should likewise be en banc. Accordingly, it is by the Court this 14th day of April 1992,
>
> ORDERED:
>
> That the decision of the United States Army Court of Military Review is set aside. The record of trial is returned to the Judge Advocate General of the Army for resubmission to that court for further consideration in light of *United States v. Curtis, supra.* Following these proceedings, Article 67, Uniform Code of Military Justice, 10 USC § 867, will apply.
>
> — MJ —.[2]

Petitioner now complains that the court below, by order dated May 26, 1992, is limiting review of the case to the issue of sentence proportionality. Specifically, petitioner complains that the court is precluding petitioner from raising issues he has raised for the first time before this Court.

■■■ Courts of Military Review oppose the untimely consideration of issues which should have been raised when appellant first stood before that court, but were not. Piecemeal appellate litigation in capital cases, or for that matter, in any case, is counterproductive to the fair, orderly judicial process created by Congress in Articles 66 and 67, UCMJ, 10 USC §§ 866 and 867, respectively. *See Gomez v. United States District Court for the Northern District of California,* — U.S. —, 112 S.Ct. 1652, 118 L.Ed.2d 293, amended, — U.S. —, 112 S.Ct. 1652, 118 L.Ed.2d 293 (1992). Ordinarily, all appellate or collateral attacks on court-martial convictions should be resolved in the first instance by the Court of Military Review. The Court of Military Review cannot effectively carry out its mandatory review of death penalty cases unless all issues known to or reasonably discoverable by appellant are litigated before that court in its initial review of the case.[3]

■■ This petitioner's case had already been reviewed by the Court of Military Review, and indeed was pending before

---

1. *United States v. Curtis*, 32 MJ 252 (CMA 1991), was the first capital case to reach this Court after the President promulgated new procedures for capital cases. RCM 1004, Manual for Courts–Martial, United States, 1984. Accordingly, we bifurcated the appeal in that case to consider, in the first phase, the issues pertaining to the constitutionality of the new procedures. *See* 32 MJ 252 (CMA 1991). In the second phase, we considered those issues unique to Curtis' case. *See* 33 MJ 101 (CMA 1991).

2. Judge Crawford dissented to that portion of the order directing a proportionality review. She noted that the "case is being remanded, *inter alia,* for ... a proportionality review of the sentence." — MJ at —.

3. We recognize that this language is *obiter dictum.* This Court has never ruled that we would not consider an issue raised for the first time on petition for review. Art. 67(a)(3), Uniform Code of Military Justice, 10 USC § 867(a)(3)(1989). We would apply the same rationale to capital cases reviewed under Article 67(a)(1), UCMJ, 10 USC § 867(a)(1)(1989). We simply note that the Court of Military Review is severely handicapped in doing its job, if appellants do not help them by asserting the issues.

this Court, when we published our *first* opinion in *Curtis*. In this circumstance, we believe it appropriate, out of an abundance of caution, to allow petitioner another chance to raise any issues that might even remotely have been suggested by either of our *Curtis* opinions.

Accordingly, we will treat the petition for extraordinary relief as a motion to clarify our order of April 14, 1992. That motion is granted and said order is hereby amended by adding the following new sentence after the word *"supra"* in the decretal paragraph: "Counsel may raise any issues not previously considered by the court and in doing so will comply with Rule 15(c) of the Courts of Military Review–Rules of Practice and Procedure, 22 MJ CXXXII." In all other respects, said order remains in effect.