UNITED STATES, Appellee,

v.

Harlan E. CATO, Specialist
U.S. Army, Appellant.

No. 93–1541.
CMR No. 9200744.

U.S. Court of Appeals for
the Armed Forces.

Submitted March 31, 1994.

Decided May 29, 1996.

For Appellant: Colonel Stephen D. Smith, Lieutenant Colonel James H. Weise, Major Michael A. Egan, Captain Christopher W. Royer (on brief); Captain Eric S. Krauss.

For Appellee: Colonel Dayton M. Cramer, Lieutenant Colonel James L. Pohl, Major Kenneth T. Grant, Captain Glenn L. Kirschner, Captain John G. Giovannelli (on brief).

*Opinion of the Court*

COX, Chief Judge:

The ultimate issue before this Court is whether the military judge erred in refusing to allow appellant to introduce in evidence the results of an exculpatory polygraph examination or to present further scientific foundation for the validity of polygraphs in general. As styled by appellant, the issue is whether "the 'bright line rule' in Military Rule of Evidence 707 [1] prohibiting exculpatory polygraph evidence violates appellant's Sixth Amendment right to present a defense."

Appellant was convicted, in accordance with his pleas, of false swearing, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. In addition, the military judge sitting alone as a general court-martial at Camp Casey, Korea, convicted appellant, contrary to his pleas, of robbery, in violation of Article 122, UCMJ, 10 USC § 922. His approved sentence includes a bad-conduct discharge, confinement for 10 months, partial forfeitures, and reduction to E–1. The convening authority suspended con-

---

1. Mil.R.Evid. 707, Manual for Courts–Martial, United States (1995 ed.), provides:

(a) Notwithstanding any other provision of law, the results of a polygraph examination, the opinion of a polygraph examiner, or any reference to an offer to take, failure to take, or taking of a polygraph examination, shall not be admitted into evidence.

(b) Nothing in this section is intended to exclude from evidence statements made during a polygraph examination which are otherwise admissible.

finement in excess of 6 months. The Court of Military Review [2] affirmed.

Regarding the robbery charge, the victim, PFC Sherwood, testified that, near Camp Casey, he was assaulted and his leather coat was stolen by appellant, Solis, and Walker—all servicemembers. Appellant denied that he participated in the robbery, but conceded at trial (contrary to his prior sworn denials) that he was present at the scene of the crime. Notwithstanding appellant's assertion to the factfinder [3] that he "gave [his] life to Christ" about 4½ years earlier, the testimony, including appellant's, evinces his astounding capacity to condone and facilitate his friend Solis in committing and covering up crime.

Regarding the polygraph, the defense proffered the results of an exam conducted by CID polygrapher Coffey. In support of the motion, the defense submitted Coffey's summary report and a copy of his nonverbatim testimony at the Article 32, UCMJ, 10 USC § 832, hearing. The relevant questions posed by the polygrapher bore on whether Cato *stole* the coat or planned to *steal* it; whether he hit the victim; and whether he held him while someone else hit him. In the pre-test interview, according to his summarized Article 32 testimony, the agent explained to appellant that, if he helped Solis take the coat, then appellant also stole it. In the polygrapher's opinion, appellant was not indicating deception in denying each of the relevant questions.

The military judge denied the defense motion to introduce the test results or to lay further scientific foundation beyond that accompanying the proffer. In particular, the judge faulted the polygrapher's use of the word "steal" in two of the four questions. In the judge's view

steal is a legal term involving legal implications and it almost then gets into what did you explain, for example, to the accused about what that word meant before you asked him that question. I can just see it just from looking at that, potential confusion, and I think among other things that's

one of the types of things that the drafters were attempting to avoid. So I am going to follow Rule 707 and deny your motion.

Thus, as he expressed it, the judge's ruling appears to have been based not so much on Mil.R.Evid. 707 as it was on insufficiency of the proffer to demonstrate reliability. *United States v. Gipson*, 24 MJ 246 (CMA 1987).

An evidentiary hearing would likely have cataloged more support for the military judge's ruling; however, his ruling is not without legal basis. *See United States v. Lech*, 895 F.Supp. 582, 585 (S.D.N.Y.1995) (questions calling for legal conclusions, not underlying facts, do not assist the factfinder). The testimony adduced at trial indicated that both appellant and Solis seemed to feel that only Solis was responsible for the theft since it was his gig. Thus, notwithstanding whatever rudimentary instructions Agent Coffey may have given appellant on the law of principals, appellant appears to have been a poor student of law, absolving himself completely of responsibility for his role in facilitating and concealing the transaction. Indeed, appellant's view of the law in general was totally self-serving. He even disputed at one point that Sherwood was "mugged," though he acknowledged separately that Solis announced he was going to "kick somebody's ass," that he then "assaulted" Sherwood, and that he then stole the coat. Thus, asking appellant, on polygraph, whether *he* stole the coat was akin to asking him whether he thought he should be punished, which he clearly did not.

In any event, we need not decide whether the defense proffer concerning this particular polygraph examination demonstrated relevance sufficient to test the constitutionality of Mil.R.Evid. 707, because we are satisfied that any error based on the military judge's refusal to admit the polygraph or to adduce further testimony on the general nature of polygraphy was harmless beyond a reasonable doubt. Appellant's assistance in the transaction was abundantly established by

---

**2.** *See* 41 MJ 213, 229 n. * (1994).

**3.** *But cf. United States v. Williams*, 43 MJ 348 (1995), where the accused proffered an exculpatory polygraph but did not testify.

his own testimony, albeit inadvertently, and by that of the victim and Solis.

Furthermore, since this was a bench trial, there is no reasonable likelihood that the military judge's findings would have been influenced by the polygraph evidence even if he had admitted it, because he had serious misgivings about its reliability in light of Agent Coffey's inartful questions.

The decision of the United States Army Court of Military Review is affirmed.

Judges CRAWFORD and GIERKE concur.

Senior Judges EVERETT and DARDEN did not participate.

SULLIVAN, Judge (concurring in the result):

I concur in the result for the reasons stated in my separate opinion in *United States v. Williams*, 43 MJ 348, 356 (1995) (Sullivan, C.J., concurring in the result).