UNITED STATES, Appellee

v.

Cedric W. MOBLEY, Sergeant
U.S. Air Force, Appellant.

No. 95–0758.
Crim. App. No. 30881.

U.S. Court of Appeals for
the Armed Forces.

Argued May 8, 1996.

Decided Sept. 18, 1996.

For Appellant: *Lieutenant Colonel Joseph L. Heimann* (argued); *Colonel Jay L. Cohen* (on brief).

For Appellee: *Major Jane M.E. Peterson* (argued); *Colonel Jeffery T. Infelise* (on brief).

*Opinion of the Court*

GIERKE, Judge:

A general court-martial composed of officer members at Griffiss Air Force Base, New York, convicted appellant, contrary to his pleas, of wrongfully using cocaine, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. The members acquitted appellant of a second specification of wrongfully using cocaine and one specification of wrongfully possessing cocaine. The approved sentence provides for a bad-conduct discharge, confinement and partial forfeitures of pay for 12 months, and reduction to the lowest enlisted grade. The Court of Criminal Appeals affirmed the findings and sentence in an unpublished opinion.

■ We granted review of the following issue:

WHETHER THE MILITARY JUDGE ERRED IN HIS DENIAL OF DEFENSE'S REQUEST TO ALLOW THE TESTIMONY OF A POLYGRAPH EXPERT ON THE RESULTS OF THE ACCUSED'S PRIOR POLYGRAPHS.

We hold that the military judge erred by applying a *per se* ruling excluding polygraph evidence.

Before entry of pleas, appellant asked the military judge to order production and employment of Dr. Frank Sack, Ph.D., a private polygraph examiner. Defense counsel proffered evidence that Dr. Sack had administered three polygraph examinations to appellant, where appellant denied knowing ingestion of cocaine at the times and places charged. The defense proffer included a narrative description of the polygraph examinations, a resume reciting Dr. Sack's qualifications, and the report of examination, complete with charts, a narrative description, and tabulation of results.

Defense counsel argued that Mil.R.Evid. 707, Manual for Courts–Martial, United States (1995 ed.), is an unconstitutional limitation of appellant's Sixth Amendment right to present a defense. The military judge asked if defense counsel was "suggesting that this court should undertake to kind of embark on a constitutional foray, if you will, in trying to, in effect, violate the specific provisions of 707?" Defense counsel responded, "I believe that Military Rule 707 is unconstitutional." The military judge refused to permit presentation of foundation evidence. He relied on the language of Mil. R.Evid. 707 and a commentator's opinion that "military judges cannot admit or entertain any motion seeking admission, at trial or *in limine*, [of] such testimony." *See* S. Saltzburg, L. Schinasi, & D. Schlueter, *Military Rules of Evidence Manual* 213 (3d ed., 1996 Supp.).

The Government's evidence of appellant's cocaine ingestion consisted solely of the results of a random urinalysis that tested positive for cocaine. Appellant testified that he suffers from a seizure disorder for which he takes prescribed medication. He has been warned that using alcohol or illegal drugs would trigger a seizure and risk death. He testified that he "did not know how that stuff got in my system. All I do know is that I did not do it." Appellant also presented testimony from supervisors and co-workers that it would be out of character for him to use illegal drugs.

Trial counsel cross-examined appellant at length, confronted him with the testimony against him, and argued to the court members that appellant lied "because he's got everything at stake in this court-martial."

■ A military judge's decision to admit or exclude evidence is tested on appellate review for abuse of discretion. We review a military judge's "conclusions of law under the *de novo* standard." If a military judge's ruling is based on "an erroneous view of the law," he has abused his discretion. *See United States v. Sullivan*, 42 MJ 360, 363 (1995); 1 S. Childress & M. Davis, *Federal Standards of Review*, § 2.13 at 2–92 (2d ed.1992).

■ Because appellant testified and placed his credibility as a witness in issue, the granted issue is ripe for appellate review. *United States v. Williams*, 43 MJ 348 (1995). For the reasons stated in *United States v. Scheffer*, 44 MJ 40 (1996), we hold that the military judge erred by applying a *per se* exclusionary rule to appellant's proffered evidence. Appellant is entitled to offer evidence

of the scientific theory underlying polygraph evidence and application of that theory to appellant. *Id.* We cannot and need not determine from the record before us if Dr. Sack is a necessary and material foundation witness. *See United States v. Garries,* 22 MJ 288 (CMA 1986). If appellant can successfully lay a foundation, then Dr. Sack may be an essential witness to testify about the three polygraph examinations he conducted on appellant.

Because appellant tendered an *ex parte* polygraph examination, the military judge may require that appellant submit to examination by a government polygraph examiner as a condition of admissibility. *See United States v. Piccinonna,* 885 F.2d 1529, 1536 (11th Cir.1989). Similarly, if the military judge suspects that appellant may have been "shopping" for a favorable examination, he may require disclosure of the results of all polygraph examinations as a condition of admissibility. *See* New Mexico Rule of Evidence 707. If conflicting polygraph evidence is presented, we expect the military judge to treat it like any other conflicting scientific evidence or expert opinion testimony. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 589, 113 S.Ct. 2786, 2794, 125 L.Ed.2d 469 (1993) (rules of evidence contemplate "sensible triers of fact to evaluate conflicts").

The decision of the United States Air Force Court of Criminal Appeals is set aside. The record of trial is returned to the Judge Advocate General of the Air Force for submission to an appropriate convening authority for a hearing before a military judge. Appellant will be provided an opportunity to lay a foundation for admission of the proffered polygraph evidence. If the military judge decides that the polygraph evidence is admissible, he will set aside the findings of guilty and the sentence, and a rehearing may be ordered. If the military judge decides that the polygraph evidence is not admissible, he will make findings of fact and conclusions of law. The record will be sent directly to the Court of Criminal Appeals for expeditious review. Thereafter, Article 67, UCMJ, 10 USC § 867 (1989), will apply.

Chief Judge COX and Senior Judge EVERETT concur.

SULLIVAN, Judge (dissenting):

I dissent for the reasons stated in my separate opinion in *United States v. Williams,* 43 MJ 348, 356 (1995) (Sullivan, C.J., concurring in the result).

CRAWFORD, Judge (dissenting):

I dissent for the reasons stated in my dissenting opinion in *United States v. Scheffer,* 44 MJ 40 (1996).