UNITED STATES, Appellee

v.

Chester NASH, Jr., Staff Sergeant
U.S. Air Force, Appellant.

No. 95–0189.
Crim. App. No. 30248.

U.S. Court of Appeals for
the Armed Forces.

Argued March 26, 1996.

Decided Sept. 18, 1996.

For Appellant: *Captain Michael L. McIntyre* (argued); *Colonel Jay L. Cohen* (on brief); *Major Ormond R. Fodrea, Captain Eric N. Eklund, Captain Todi S. Carnes.*

For Appellee: *Captain Jane M.E. Peterson* (argued); *Colonel Jeffery T. Infelise* (on brief); and *Colonel Thomas E. Schlegel.*

*Amicus Curiae urging affirmance*: *Colonel Charles Wm. Dorman,* USMC, *Commander D.H. Myers,* USMC, *Major S.P. Finn,* USMC, *Lieutenant Commander E.P. Johnson,* JAGC, USNR (on brief)—For Appellate Government Division, Navy–Marine Corps Appellate Review Activity.

*Opinion of the Court*

GIERKE, Judge:

A general court-martial composed of officer members at Hanscom Air Force Base, Massachusetts, convicted appellant, contrary to his pleas, of wrongfully using cocaine, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. His approved sentence provides for a bad-conduct

discharge, confinement for 3 months, and reduction to the lowest enlisted grade. The Court of Criminal Appeals affirmed the findings and sentence in an unpublished opinion dated October 7, 1994.

■ We granted review of the following issue:

WHETHER THE MILITARY JUDGE ERRED IN DENYING APPELLANT'S MOTION TO PRESENT EVIDENCE OF A FAVORABLE POLYGRAPH RESULT CONCERNING HIS DENIAL OF USE OF DRUGS WHILE IN THE AIR FORCE.

We hold that the military judge erred by applying a *per se* exclusionary rule to appellant's proffered evidence.

Before trial, appellant underwent a polygraph examination by Dr. Frank Sack, Ph.D. He denied using or possessing cocaine during the period in question, and Dr. Sack found no deception when he answered pertinent questions. Six days after Dr. Sack's examination, appellant submitted to another examination administered by the Air Force Office of Special Investigations (OSI). The OSI examiner concluded that appellant's answers indicated deception.

Neither Dr. Sack nor the OSI examiner had traveled to the site of the court-martial. Trial counsel explained that both sides wanted "a preliminary ruling" from the military judge regarding admissibility of their testimony before they commenced travel to the site of the court-martial. The military judge ruled that neither side would be permitted to present polygraph evidence. He explained:

I've considered the accused's Fifth and Sixth Amendment rights. However, in this case I have two polygraph exams administered by two different polygraph examiners which resulted in two different conclusions.... In light of the state of that evidence, I find that the risk of confusion of the factfinders with dueling polygraphers justifies the application of MRE [Mil.R.Evid.] 707 to this particular accused in this case. As the analysis to MRE 707 indicates it is a bright line rule that polygraph evidence is not admissible by any party at a court-martial even if stipulated

to by the parties. I'd also note because there is in existence two conflicting polygraph exams, in light of that regard that they ask basically the same questions the results of those exams have little probative value. So even balancing the probative value of the exculpatory and the incriminatory polygraph exams—when that balancing test is done "it still is outweighed" any probative value is still outweighed by the risk of confusion to the factfinders in this court-martial.

The Government's case-in-chief consisted of evidence that appellant's urinalysis specimen tested positive for cocaine. Appellant testified on the merits and denied using cocaine. He testified that he did not know why his urine tested positive for cocaine. Appellant's wife testified that she had never known appellant to use drugs, and she attempted to account for his whereabouts during the time before the urinalysis. Staff Sergeant (SSgt) Lister, a friend of appellant, also attempted to account for his whereabouts.

In rebuttal, the Government produced evidence that appellant and SSgt Lister were not truthful and that appellant had a motive to lie to protect a separation bonus of approximately $24,000.00. In closing argument trial counsel argued that appellant had a motive to lie and did lie.

■ A military judge's decision to admit or exclude evidence is tested on appellate review for abuse of discretion. We review a military judge's "conclusions of law under the *de novo* standard." If the military judge's ruling is based on "an erroneous view of the law," he has abused his discretion. *See United States v. Sullivan*, 42 MJ 360, 363 (1995); 1 S. Childress & M. Davis, *Federal Standards of Review* § 2.13 at 2–92 (2d ed. 1992). Because appellant testified and placed his credibility in issue, the granted issue is ripe for appellate review. *United States v. Williams*, 43 MJ 348 (1995).

■ The military judge's ruling was incorrect on two counts. First, he relied on the *per se* exclusion under Mil.R.Evid. 707, Manual for Courts–Martial, United States (1995 ed.). *See United States v. Scheffer*, 44 MJ 442 (1996). Second, he based his conclu-

sion that the evidence lacked probative value solely on the anticipated conflict between the two expert witnesses. The federal and military rules of evidence contemplate "sensible triers of fact to evaluate conflicts." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589, 113 S.Ct. 2786, 2794, 125 L.Ed.2d 469 (1993); *see United States v. Mobley*, 44 MJ 453, 455 (1996). In other areas of "soft science," such as mental responsibility, conflicts among experts are common. The mere fact that two experts disagree does not necessarily negate the probative value of both. "Under military law, ... conflicting expert opinions are to be resolved by the triers of fact after evaluating them in the context of the totality of the evidence and after proper instructions by the military judge." *United States v. Dock*, 35 MJ 627, 635 (ACMR 1992), *aff'd*, 40 MJ 112 (CMA 1994).

The decision of the United States Air Force Court of Criminal Appeals is set aside. The record of trial is returned to the Judge Advocate General of the Air Force for submission to an appropriate convening authority for a hearing before a military judge. Appellant will be provided an opportunity to lay a foundation for admission of the proffered polygraph evidence. If the military judge decides that the polygraph evidence is admissible, he will set aside the findings of guilty and the sentence, and a rehearing may be ordered. If the military judge decides that the polygraph evidence is not admissible, he will make findings of fact and conclusions of law. The record will be sent directly to the Court of Criminal Appeals for expeditious review. Thereafter, Article 67, UCMJ, 10 USC § 867 (1989), will apply.

Chief Judge COX and Senior Judge EVERETT concur.

SULLIVAN, Judge (dissenting):

I dissent for the reasons stated in my separate opinion in *United States v. Williams*, 43 MJ 348, 356 (1995) (Sullivan, C.J., concurring in the result).

CRAWFORD, Judge (dissenting):

I dissent for the reasons stated in my dissenting opinion in *United States v. Scheffer*, 44 MJ 442, 449 (1996).