UNITED STATES, Appellee

v.

Frank S. HALL, Technical Sergeant
U.S. Air Force, Appellant.

No. 93–0208.
Crim.App. No. 29863.

U.S. Court of Appeals for
the Armed Forces.

Argued Dec. 6, 1995.

Decided Sept. 30, 1996.

For Appellant: *Captain Michael L. McIntyre* (argued); *Colonel Jay L. Cohen* (on brief); *Captain Robert E. Watson.*

For Appellee: *Major Jane M.E. Peterson* (argued); *Major John H. Kongable* (on brief); *Colonel Jeffery T. Infelise.*

PER CURIAM:

Appellant was tried by a military judge sitting as a general court-martial at Spangdahlem Air Base, Germany. Contrary to his pleas, he was convicted of larceny of military property, in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921. He was sentenced to a bad-conduct discharge, confinement for 22 months, partial forfeitures, and reduction to E–4. The convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement for 6 months, partial forfeitures, and reduction to E–4. The Court of Military Review [1] affirmed.

Appellant petitioned this Court for review in March 1993, raising the following issue:

---

1. *See* 41 MJ 213, 229 n. * (1994).

WHETHER MILITARY RULE OF EVIDENCE 707,[2] WHICH EXCLUDES POLYGRAPH EVIDENCE, VIOLATES AN ACCUSED'S RIGHTS TO DUE PROCESS OF LAW UNDER THE FIFTH AMENDMENT AND COMPULSORY PROCESS UNDER THE SIXTH AMENDMENT.

We remanded the case to the Court of Military Review for consideration of the issue. 38 MJ 215 (1993). Here is what the now Court of Criminal Appeals had to say about the case:

> The prosecution evidence at trial was that the appellant used his position as an aircraft maintenance supervisor to order tools, ostensibly for use in his jet engine repair shop, but which he took home for his personal use. The day before the trial began, the appellant took a polygraph examination conducted by a Department of Defense polygrapher. According to the polygrapher's report, the appellant did not indicate deception in answering relevant questions. At trial, the defense moved *in limine* to admit the results of the examination. The military judge excluded the test, relying on Mil.R.Evid. 707(a), which prohibits the admission of polygraph results and related evidence.

> During our first review of this case, the appellant assigned no errors. However, our responsibility under Article 66(c), UCMJ, is to review the entire record and affirm only those findings of guilty and sentences which we find correct in law and fact. Finding no error, we affirmed the appellant's conviction and sentence in an unpublished *per curiam* opinion. Appellant petitioned the United States Court of Military Appeals for grant of review, asserting for the first time that Mil.R.Evid. 707 unconstitutionally restricted the accused's ability to defend himself at trial. On 14 July 1993, that court set aside our

decision and remanded the case to us to consider that issue.

> With all respect, we do not perceive any authority in Article 67, UCMJ, that permits our decisions to be set aside without a determination that we committed legal error. Nor do we find any authority for requiring this Court to consider issues an appellant chose not to raise before us during the Article 66 review. As has been recognized by the Court of Appeals for the Armed Forces, such "[p]iecemeal appellate litigation ... is counterproductive to the fair, orderly judicial process created by Congress in Articles 66 and 67...." *Murphy v. Judges of the U.S. Army Court of Mil. Rev.*, 34 M.J. 310, 311 (C.M.A.1992). The Court of Appeals for the Armed Forces is certainly free to grant the appellant's petition and consider the constitutionality of Mil.R.Evid. 707(a), even though the appellant did not raise the issue before us. *Murphy*, 34 M.J. at 311 n. 3. But to remand the case to us to consider this issue, without any finding of error, only encourages shoddy appellate practice that "severely handicap[s]" us in fulfilling our statutory mandate. *Id.* This Court "cannot effectively carry out its ... review ... unless all issues known to or reasonably discoverable by appellant are litigated before that court in its initial review of the case." *Id.* at 311.

> We have again reviewed the entire record in accordance with Article 66(c), UCMJ. The findings and sentence, as modified by the convening authority, are correct in law and fact. Accordingly, they are again AFFIRMED.

Unpub. op. at 1–3, 1994 WL 681394.

Obviously, the Court of Criminal Appeals did not see fit to answer clearly and cogently the question that we presented to it. We did not ask it idly; quite frankly, we were interested at the time in that court's view of the rule of law involved. *Compare United States*

---

2. Mil.R.Evid. 707, Manual for Courts–Martial, United States (1995 ed.), provides:

(a) Notwithstanding any other provision of law, the results of a polygraph examination, the opinion of a polygraph examiner, or any references to an offer to take, failure to take, or

taking of a polygraph examination, shall not be admitted into evidence.

(b) Nothing in this section is intended to exclude from evidence statements made during a polygraph examination which are otherwise admissible.

*v. Williams,* 39 MJ 555, 558 (ACMR 1994) (Mil.R.Evid. 707, Manual for Courts–Martial, United States (1994 ed.), held unconstitutional), *with United States v. Nash,* ACM 30248, 1994 WL 564491 (A.F.Ct.Crim.App. Oct. 7, 1994) (unpub.) (Mil.R.Evid. 707 held constitutional). Nash had not been decided by the Air Force court at the time of our remand order, and *Williams* had not been decided by the Army court.

After the Court of Criminal Appeals' affirmance in the instant case, appellant repetitioned this Court, raising the original issue. We granted that issue and specified the following additional issue:

> WHETHER UNDER ARTICLE 67, UCMJ, THE UNITED STATES COURT OF APPEALS FOR THE ARMED FORCES MUST MAKE A DETERMINATION OF LEGAL ERROR BEFORE AN ACTION BY A SERVICE COURT OF CRIMINAL APPEALS CAN BE SET ASIDE.

■ Since our remand, we have had occasion to address the concerns of the lower court. We are quite satisfied that the United States Court of Appeals for the Armed Forces possesses the authority under Article 67, UCMJ, 10 USC § 867 (1994), to ask the Judge Advocate General of the Air Force to return the record of trial to the Court of Criminal Appeals for further review. *See United States v. Johnson,* 42 MJ 443 (1995). That is all we did here. Accordingly, we answer the specified issue in the negative.

■ As to the granted issue, we hold that appellant is entitled to an opportunity to lay a foundation for the proffered evidence. *United States v. Scheffer,* 44 MJ 442 (1996); *United States v. Mobley,* 44 MJ 453 (1996); *United States v. Nash,* 44 MJ 456 (1996); *cf. United States v. Williams,* 43 MJ 348 (1996).

As in those cases, appellant testified on the merits, placing his credibility in issue, and he sought to introduce the results of an "exculpatory polygraph." The military judge refused to allow him an opportunity to attempt to lay a foundation for admission of the polygraph, ruling that Mil.R.Evid. 707 (which purports to bar absolutely the results of polygraph examinations from courts-martial) was a constitutionally permissible rule promulgated by the President.

According to the defense proffer and various documents submitted as appellate exhibits, it appears that the polygrapher was a Department of Defense employee. Whether the polygrapher conducted the examination in his official capacity or in a private capacity is not, however, apparent on this meager record. Thus, it remains to be determined whether admissibility should be conditioned upon submission to a prosecution polygraph. *United States v. Scheffer, supra* at 447.

We reiterate that we do not here decide "whether polygraph technique has made sufficient technological advancement in the seventy years since *Frye* [*v. United States,* 293 F. 1013 (D.C.1923) ] envisioned by Rule 702 and *Daubert* [*v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) ]." *United States v. Scheffer, supra* at 446, quoting *United States v. Posado,* 57 F.3d 428, 433 (5th Cir.1995). Foundation should include, *inter alia,* the scientific validity of polygraphs, the applicability of the theory to appellant's case, the qualifications of the examiner, the proper functioning of the equipment, and the validity of the questioning technique. *See also United States v. Piccinonna,* 885 F.2d 1529 (11th Cir.1989); *United States v. Cato,* 44 MJ 82 (1996); *United States v. Berg,* 44 MJ 79 (1996).

The decision of the United States Air Force Court of Criminal Appeals is set aside. The record of trial is returned to the Judge Advocate General of the Air Force for submission to an appropriate convening authority for a hearing before a military judge. Appellant will be provided an opportunity to lay a foundation for admission of the proffered polygraph evidence. If the military judge decides that the polygraph evidence is admissible, he or she will set aside the findings of guilty and the sentence, and a rehearing may be ordered. If the military judge decides that the polygraph evidence is not admissible, the judge will make findings of fact and conclusions of law. The record will be sent directly to the Court of Criminal Appeals for expeditious review. Thereafter,

Article 67, UCMJ, 10 USC § 867 (1989), will apply.

SULLIVAN, Judge (concurring in part and dissenting in part):

I agree with the majority's decision except that portion permitting admission of polygraph-examination results at courts-martial. *See United States v. Williams,* 43 MJ 348, 356–57 (1996).

CRAWFORD, Judge (dissenting):

As to the Granted Issue, see my separate opinion in *United States v. Scheffer,* 44 MJ 442, 449 (1996). As to the Specified Issue, see my separate opinion in *United States v. Townsend,* 43 MJ 205, 212 (1995).