UNITED STATES, Appellee

v.

Chad E. LYNN, Airman First Class
U.S. Air Force, Appellant.

No. 95–0346.
Crim. App. No. 30133.

U.S. Court of Appeals for
the Armed Forces.

Submitted June 27, 1995.

Decided Oct. 10, 1996.

For Appellant: *Colonel Jay L. Cohen* and *Captain Todi S. Carnes.*

For Appellee: *Colonel Jeffery T. Infelise* and *Captain Timothy G. Buxton.*

*Opinion*

GIERKE, Judge:

A general court-martial composed of officer members at McClellan Air Force Base, California, convicted appellant, contrary to his pleas, of wrongful use of marijuana, conspiracy to commit larceny, and larceny, in violation of Articles 112a, 80, and 121, Uniform Code of Military Justice, 10 USC §§ 912a, 880, and 921, respectively. The adjudged and approved sentence provides for a bad-conduct discharge, confinement for 12 months, total forfeitures, and reduction to the lowest enlisted grade. The Court of Criminal Appeals affirmed the findings and sentence.

We granted review of the following issues:

I

WHETHER APPELLANT'S FIFTH AMENDMENT RIGHT TO A FAIR TRIAL AND HIS SIXTH AMENDMENT RIGHT TO PRODUCE FAVORABLE WITNESSES WAS VIOLATED BY THE FINDING OF THE MILITARY

JUDGE THAT HE WAS WITHOUT DISCRETION TO DECIDE THE ADMISSIBILITY OF FAVORABLE POLYGRAPH EVIDENCE AND HIS RULING, PURSUANT TO MIL.R.EVID. 707, THAT ANY SUCH EVIDENCE WAS INADMISSIBLE PER SE.

II

WHETHER APPELLANT'S FIFTH AMENDMENT RIGHT TO A FAIR TRIAL AND HIS SIXTH AMENDMENT RIGHT TO PRODUCE FAVORABLE WITNESSES WAS VIOLATED BY THE ADMONISHMENT OF THE MILITARY JUDGE, PURSUANT TO MIL.R.EVID. 707, AGAINST EVEN MENTIONING THE WORD "POLYGRAPH," THUS PRECLUDING APPELLANT FROM TESTIFYING ABOUT HIS OFFER TO SUBMIT TO A GOVERNMENT POLYGRAPH EXAMINATION.

Before trial, appellant submitted to a polygraph examination by a private examiner, Mr. Douglas E. Holbrook. During the examination, appellant denied smoking marijuana, denied conspiring with another airman to wrongfully use credit card numbers, denied furnishing his alleged co-conspirator with credit card numbers, and denied wiring $300.00 to "someone in Washington" using his landlady's credit card number. Mr. Holbrook found no deception when appellant answered the relevant questions. Appellant offered to take a government polygraph, but the Government declined his offer.

The polygraph issue arose in connection with appellant's motion to dismiss for lack of speedy trial. Defense counsel pointed out that while appellant was awaiting trial, Mil. R.Evid. 707, Manual for Courts–Martial, United States (1995 ed.), became effective, precluding appellant from offering polygraph evidence. Defense counsel argued that if appellant had received a speedy trial, he would have been entitled to lay a foundation for his exculpatory polygraph evidence. The military judge denied the motion to dismiss. His ruling on the motion included the following statements:

Fifth, *U.S. v. Gipson*, 24 MJ 246 (CMA 1987) did not suggest that polygraph evidence was admissible. Appellant still maintained the burden of establishing a foundation for its admissibility. After allowing evidence as to the reliability of the polygraph and the examiner, discretion remained vested in the Military Judge as to the admissibility of the results. There never was an automatic admission of polygraph evidence under Military Law.

Sixth, Change 5 to the MCM precludes the admission of polygraph evidence, thus removing the discretion of the Military Judge.

Defense counsel conceded that admission of polygraph evidence under *Gipson* was discretionary, but argued that the delay in the trial deprived the defense of the opportunity to convince the military judge that the polygraph evidence should be admitted on the merits. The military judge responded, "Okay. I understand your position on that."

Defense counsel did not challenge the constitutionality of Mil.R.Evid. 707 and made no further proffer of polygraph evidence on the merits.

The Government moved *in limine* to prevent any mention of appellant's polygraph examination. The military judge deferred ruling on the motion *in limine* but warned "both sides that you know that Rule 707 precludes the admission of polygraph evidence." He admonished both counsel: "[Y]ou are directed not to ram the evidence of polygraph through a closed door, just to get it in front of the members."

Appellant testified on the merits. He admitted knowing that the money in question had been wired, but denied that he was the one who wired it. He denied being part of a credit-card scam and denied using marijuana. In rebuttal, the Government called appellant's supervisor, who testified that appellant had a reputation as a liar.

After appellant was convicted, defense counsel proffered the polygraph results for consideration on sentencing. The military judge responded, "I've already ruled that polygraph is inadmissible." Defense counsel argued that the rules are relaxed on sen-

tence, but the military judge was adamant, ruling, "We will not admit the polygraph results."

 We hold that defense counsel made a sufficient proffer of the polygraph evidence to preserve the issue for appellate review. Once the military judge made it clear that he considered such evidence *per se* inadmissible and cautioned counsel for both sides against any mention of the evidence, we would not expect counsel to challenge the military judge further. We hold that the military judge erred. *See United States v. Mobley,* 44 MJ 453 (1996); *United States v. Nash,* 44 MJ 456 (1996).

The decision of the United States Air Force Court of Criminal Appeals is set aside. The record of trial is returned to the Judge Advocate General of the Air Force for submission to an appropriate convening authority for a hearing before a military judge. Appellant will be provided an opportunity to lay a foundation for admission of his polygraph evidence. If the military judge decides that the polygraph evidence is admissible, he will set aside the findings of guilty and the sentence, and a rehearing may be ordered. If the military judge decides that the polygraph evidence is not admissible, he will make findings of fact and conclusions of law. The record will be sent directly to the Court of Criminal Appeals for expeditious review. Thereafter, Article 67, UCMJ, 10 USC § 867 (1994), will apply.

Chief Judge COX concurs.

Judge EFFRON concurs in the result.

SULLIVAN, Judge (dissenting):

See my separate opinion in *United States v. Williams,* 43 MJ 348, 356–57 (CMA 1993).

CRAWFORD, Judge (dissenting):

See my separate opinion in *United States v. Scheffer,* 44 MJ 442 (1996).