**UNITED STATES, Appellee,**

v.

**Specialist Terry KELLEY, United States Army, Appellant.**

**ARMY 9600727.**

U.S. Army Court of Criminal Appeals.

30 March 1999.

Reconsideration Denied 23 April 1999.

\* Counsel are reminded that "[p]iecemeal appellate

For Appellant: Colonel John T. Phelps II, JA; Lieutenant Colonel Adele H. Odegard, JA; Major Leslie A. Nepper, JA; Captain Thomas J. Barrett, JA.

For Appellee: Captain Mary E. Braisted, JA.

Before JOHNSTON, Senior Judge, SQUIRES, and ECKER, Appellate Military Judges.

## OPINION OF THE COURT ON REMAND

SQUIRES, Judge:

This case initially came before this court for review pursuant to Article 66(c), Uniform Code of Military Justice, 10 U.S.C. § 866(c) [hereinafter UCMJ]. Appellate defense counsel assigned one error which we disposed of adversely to appellant. *United States v. Kelley*, 48 M.J. 677 (Army Ct.Crim. App.1998).

In a supplement to a petition for grant of review before the Court of Appeals for the Armed Forces, the same appellate defense counsel raised the identical error set forth in this court, and, for the first time, asserted that the application of Article 57(a)(1), UCMJ to appellant violates the ex post facto clause of the Constitution. On 4 February 1999, our superior court set side the decision of this court and ordered that the case be remanded solely for consideration of appellant's Constitutional claim in light of *United States v. Gorski*, 47 M.J. 370 (1997).\*

litigation ... is counterproductive to the fair,

Appellant's sentence as affirmed by this court was lawful. As the government correctly recognizes, any application of Article 57(a)(1), UCMJ, in appellant's case would violate the ex post facto clause. If appellant's sentence was executed in an unlawful manner, his remedy is administrative in nature. *See Gorski*, 47 M.J. at 375–76 (Cox, C.J., concurring and commenting). Appellant may obtain relief pursuant to administrative procedures established by the Defense Finance and Accounting Service for recoupment of any forfeitures taken in reliance on the provisions of Article 57(a)(1), UCMJ.

We have considered the remanded issue and determine that although appellant may fall within the class protected by *Gorski*, based on the dates of his offenses and court-martial, he has not shown that he has actually been subjected to an unconstitutional ex post facto forfeiture of pay and allowances. Therefore, the decision of this court in this case, dated 29 May 1998 remains in effect. *United States v. Ginn,* 47 M.J. 236, 238 n. 2 (1997).

Senior Judge JOHNSTON and Judge ECKER concur.

---

orderly judicial process created by Congress in Articles 66 and 67, UCMJ...." *Murphy v. Judges of U.S. Army Court of Military Review,* 34 M.J. 310, 311 (C.M.A.1992) (citing *Gomez v. United States District Court for the Northern District of California,* 503 U.S. 653, 112 S.Ct. 1652, 118 L.Ed.2d 293 (1992)). The *Gorski* issue is no stranger to this court or to the Court of Appeals for the Armed Forces. It certainly necessitates judicial review. Accordingly, when raised for the first time at the Court of Appeals for the Armed Forces, a remand to this court is not only proper, but required when counsel has shown good cause for the issue being granted. *See United States v. Johnson,* 42 M.J. 443 (1995). Nonetheless, an attorney who fails to raise this frequently litigated error before this court, who then raises the error in the Court of Appeals for the Armed Forces, and whose prayer for relief requests the restoration of "forfeitures, *if any,* collected pursuant to [] Article 57(a)(1), [UCMJ]" could be perceived as impeding the efficient administration of military justice (emphasis supplied). *See generally Johnson,* 42 M.J. at 446 (Cox, J., concurring in part and in the result).